## AUGUSTUS N. EDDY AND OTHERS, Respondents, v. EDWIN A. IRELAND, Appellant.

CHATTEL MORTGAGE.—VALIDITY.—As between the mortgagee named in a chattel mortgage and subsequent creditors of the mortgagor, the chattel mortgage under which claim is made is not invalidated by the fact that it recognizes the validity and precedence of a former chattel mortgage which is void, and possession is taken for the benefit both the mortgagee in the first, and the mortgagee in the second, mortgage.

APPEAL from a judgment of the district court of the third district and from an order refusing a new trial. The opinion states the facts.

*Messrs. Hall & Marshall*, for the appellant.

*Messrs. Hoge & Burmester*, for the respondents.

BOREMAN, J.:

On the sixteenth day of September, 1882, James Payne, being indebted to Walker Bros., executed to them a chattel mortgage on his stock of goods, consisting of boots, shoes, etc., to secure them in the sum of $6,000,—the amount of his indebtedness—and provided therein that James F. Lees should take and hold possession of the goods as agent of the mortgagees. He did not take possession, nor did any one else do so under the mortgage, but the goods were allowed to remain with the mortgagor, and he continued to sell and carry on the business as usual until the seventeenth day of March, 1883. On this latter date the mortgage was in several places interlined, by the consent and agreement of the parties thereto, with the words, "books and all accounts and bills receivable;" and the following endorsement was then made on the mortgage, viz.: "Salt Lake City, Utah, seventh March, 1883. We hereby agree that Allen G. Riley shall take possession immediately of the within-mentioned goods, chattels, books, papers, accounts, and bills receivable, and property for the

purpose within mentioned, and may in all respects act as if the within-named Lees had taken possession of the same. JAMES F. LEES, JAMES PAYNE, WALKER BROTHERS. Witness: B. G. RAYBOULD." Thereupon, on said seventeenth day of March, Riley took open and actual possession of said property. Two days thereafter, to-wit, on the nineteenth day of March, the said mortgagor, Payne, executed another mortgage upon the same goods and property to Eddy, Harvey & Co., the plaintiff herein, to secure a debt of $1,160, which he owed to them; and in this second mortgage it was provided that said Riley should hold the possession of the property for said Eddy, Harvey & Co., the mortgagees in the second mortgage, and also for said Walker Bros., the mortgagees in the first mortgage. Riley assented to this arrangement, it being provided in the second mortgage that the Walker Bros. mortgage should take priority over the Eddy, Harvey & Co. mortgage, and be paid first. Riley carried on the business, and held the property as such agent of the mortgagees in both mortgages until the third day of April, 1883, when the goods now sued for, being part of the mortgaged property, were seized by the United States marshal, E. A. Ireland, the defendant herein, under an attachment issued to him in the case of James A. Bannister v. James Payne. The attachment was based on the ground that said Payne, the mortgagor in both of the foregoing mortgages, was disposing of his property with intent to defraud his creditors. In a few days after the defendant, Ireland, as United States marshal, had taken possession of these goods, the plaintiff herein, the mortgagees in the second mortgage, brought this action against the marshal, on claim and delivery of personal property, to recover the same or the value thereof. Subsequently, W. L. Pickard & Co. became parties to the action, succeeded to the interests of the plaintiffs, by their consent. The case was submitted to a jury, which brought in a verdict for Pickard & Co., as successors to the plaintiffs. The defendant moved for a new trial, which being overruled, he has appealed to this court from the order overruling the motion for a new trial.

The contest here is between the mortgagees in the sec-

ond mortgage and the attaching creditor, represented by the defendant, and the question arises whether, as to this second mortgage, the property could be attached in the action of Bannister against Payne, the mortgagor. The latter mortgage was executed on the 19th day of March, 1883, and the agent of the mortgagees began to hold the possession of them on that day. It is contended by the defendant that this second mortgage is void as to Bannister, for the reason that it recognizes the priority of the first mortgage,—the one executed to Walker Bros.—and provides that it, the Walker Bros. mortgage, shall be paid first, and that in the second mortgage the same agent was chosen as by the first mortgage. There is no question raised as to the *bona fides* of the second mortgage, and we can see no reason why it should not stand, even though the first mortgage might be void. There is no impropriety in one mortgage recognizing the priority of another mortgage. It does not become a part of the first mortgage, but it simply provides that "all liabilities which have arisen or may hereafter arise by reason of a certain mortgage executed" to Walker Bros. on the same property shall be first paid. If the first should be void, there would be no liabilities arising therefrom, and the second would become the first mortgage upon the property. The recognition of the first mortgage might prevent the mortgagees in the second mortgage from contesting the validity of the first mortgage, but it could in no way prevent other persons from so contesting. The mortgage to Eddy, Harvey & Co., being a valid mortgage, the property in the hands of the mortgagees or their agent, could not be attached in the action of Bannister against Payne, at least not until such valid mortgage had been satisfied. There was nothing in the evidence to show that there was any property besides this attached out of which the mortgage debt specified in the mortgage to Eddy, Harvey & Co. could be satisfied.

There were some errors in the instructions, but none such as to affect the result. The verdict was right notwithstanding the errors. The order of the court below overruling the motion for a new trial is affirmed.

SANDFORD, C. J., and HENDERSON, J., concurred.