McDonald v. Swisher.

R. L. McDonald & Co. v. W. B. Swisher.

No. 8732.

1. CASE-MADE — *waiver of notice of settling, provable aliunde.* Where the certificate to a case-made shows upon its face neither the presence of counsel for defendant in error nor notice to him, and is informal in other respects, yet it will be deemed sufficient if it is shown on its face that it was settled and signed by the Judge, and by evidence *aliunde* that such counsel waived notice of the time of settlement.

2. CHATTEL MORTGAGE — *certain findings did not show void.* A chattel mortgage and the findings of the Court with reference to the informalities and inaccuracies thereof, examined, and *held* that it was not void for those reasons.

3. ———— *priority — two of three successive chattel mortgages adjudged void on attachment — bona fide third mortgage retains priority.* A third mortgage was taken to secure a *bona fide* indebtedness, subject to two others which were afterward adjudged by the Court to be fraudulent and void. *Held* that this did not render the third mortgage void, nor postpone the lien thereof to those of subsequent attaching creditors who had made the successful attack upon the first and second mortgages.

*Error from Sherman District Court.*

*Hon. Charles W. Smith, Judge.*

REVERSED AND REMANDED.        OPINION FILED JULY 11, 1896.

THIS was an action of replevin commenced by R. L. McDonald & Co. against W. B. Swisher, who was coroner, acting in the capacity of sheriff, to recover a stock of goods valued in the petition and in the affidavit at the sum of $5,500, in a building at Goodland. William Bowers and the Sherman County State Bank (the name of which was subsequently changed to the Sherman County Bank) were afterward made parties, and permitted to file answers. W. H. Daly had been the owner of said stock of goods, and, being insolvent, on March 24, 1891, he executed two chattel mortgages, the first in order being to the Sherman County State

McDonald v. Swisher.

Bank for $6,834.86, and the second, to William Bowers for $1,050. On the next day he executed a paper, to R. L. McDonald & Co., claimed by them to be a chattel mortgage, for $2,000. All the mortgages were filed for record March 25, 1891 : the first at 10 : 15 A. M., the second at 10 : 30 A. M., and the third at 10 : 35 A. M. The informalities on the face of the instrument under which R. L. McDonald & Co. claim will appear from the following copy of a part of the same, to wit :

"CHATTEL MORTGAGE.

"Know all Men by These Presents, That I, W. H. Daly, of the first part, and R. L. McDonald & Co. of the County of Sherman, and State of Kansas, party of the first, in consideration of the sum of two thousand ($2,000) dollars, to him paid by —————, party of the second part, the receipt whereof is hereby acknowledged, has granted, bargained, and sold, and by these presents does grant, bargain and sell unto said second party and his heirs, executors, administrators, and assigns, all of the following articles of personal property, without any incumbrance, [here the property is described] excepting mortgage held by the Sherman County State Bank and William Bowers : Provided always, and these presents are upon this expressed condition, that if said party of the first part shall pay or cause to be paid unto the party of the second part or to —————, h— heirs, executors, administrators, or assigns, according to the terms of a certain promissory note of even date herewith, No. —, of which the following is a true copy :

"'$2,000. Goodland, Kansas, March 24, 1891.

"'On demand after date ————— promise to pay to the order of R. L. McDonald & Company two thousand dollars ($2,000) at St. Joseph, Missouri, value received, at eight per cent. per annum after date until paid.

"'Due —————.'"

The Court found that no such note was written out

in full, or signed by anybody, or in any way delivered to any person ; and the instrument called a mortgage was executed and filed for record without the knowledge of R. L. McDonald & Co., or any one acting for them ; but after the filing of the instrument, and on the same day, it was ratified by the agent and attorney of R. L. McDonald & Co., and also by them. The indebtedness of Daly to R. L. McDonald & Co. was $1,787.68 on an account for goods, and no more. But the Court found that the incorporation of the excess arose from the want of knowledge on the part of Daly of the exact amount of said indebtedness at the time, and it was not incorporated in the mortgage for the specific purpose of placing beyond the reach of other creditors a sufficient amount of his property to satisfy such excess ; but it was executed by Daly and received by R. L. McDonald & Co. with the understanding and agreement and with the intent that the same should be subject to the mortgage of the Sherman County State Bank and the mortgage of William Bowers amounting in all to $7,884.86.

The Court further found that the mortgage executed to the Bank was for a sum largely in excess of that owing by Daly to the Bank, and that it was fraudulent and void, and was executed with the intent to hinder, delay, and defraud the creditors of Daly ; that the mortgage to William Bowers was executed on the part of Daly with the intent to hinder, delay, and defraud his creditors ; that Bowers, at the time he received the mortgage, had knowledge of such fraudulent intent and participated therein ; that he accepted the same with intent to aid and assist Daly in such fraudulent purpose, and that Daly executed the mortgage to R. L. McDonald & Co. with intent to hinder, delay, and defraud his creditors, as well as to

secure the indebtedness due to them; but that it was accepted by them with the intent to obtain security for their claim, and not with any actual purpose of fraud, and that it was in good faith as to them, unless the taking of the same subject to the fraudulent mortgages to the Bank and Bowers constituted the same a mortgage in bad faith.

The Court found, as conclusions of law, that the mortgage to R. L. McDonald & Co. was not void for indefiniteness, nor because of having incorporated in it an excess over and above the debt actually due from Daly, but, because R. L. McDonald & Co. accepted the mortgage with the understanding and agreement between themselves and Daly that the same should be subject to and not paid until the prior mortgages of the Bank and Bowers were paid and satisfied out of the goods, and, inasmuch as said prior mortgages were fraudulent and void, said mortgage to R. L. McDonald & Co. must be held to be tainted with the fraud of said prior mortgages, and to have been accepted with the intent that the same should operate to hinder, delay, and defraud other creditors of said Daly; and the same was therefore held fraudulent and void. Judgment was rendered accordingly in favor of Swisher and against R. L. McDonald & Co. for the return of the goods, or for the sum of $2,831.53, being the amount of the attachment claims of L. A. Shakman and the R. T. Davis Mill Company, which were levied upon the stock of goods by Swisher as coroner on March 28, 1891, Daly, the Bank, and Bowers being parties defendant therein. This proceeding in error is brought by R. L. McDonald & Co. alone against W. B. Swisher, the coroner.

*Dobbs & Stoker*, for plaintiffs in error.

*A. H. Ellis, and F. T. Burnham*, for defendant in error.

MARTIN, C. J.   I.  A preliminary question is raised by the defendant in error, who claims that the certificate of the Judge to the case-made is insufficient on its face ; and, further, that the defendant was not present personally nor by counsel at the settlement of the case-made, and had no notice thereof.   The certificate is informal in some respects, but we think it sufficient, for it appears therefrom that the Judge settled and signed the case-made, and caused the same to be attested by the Clerk under the seal of the Court ; and these are the chief requisites prescribed by section 548 of the Civil Code.   The evidence also shows that the defendant, through his counsel, agreed that the case-made might be settled in his absence.   The motion to dismiss is therefore overruled.

1. Case-made — Waiver of notice of settling.

II.  The defendant in error further claims that the instrument called a "chattel mortgage" from Daly to R. L. McDonald & Co. is void upon its face for uncertainty ; and, if not so on its face, then it is so under the findings of the Court that no note was executed, and that the indebtedness was upon an account, not for $2,000, but for a smaller sum.   After much consideration, we are led to adopt the view of the learned trial court in this respect.   Although both Daly and R. L. McDonald & Co. are mentioned as parties of the first part in the first clause of the mortgage, yet we think it sufficiently appears that Daly, whose name is

2. Chattel mortgage.  Certain findings did not show void.

14—57 KAN.

first mentioned and who alone signed the instrument, was the party of the first part, and that R. L. McDonald & Co. were the parties of the second part to whom the sum of $2,000 was to be paid by Daly. This instrument was executed in the absence of R. L. McDonald & Co. and their agent or attorney. Daly did not know the exact amount due, and so fixed it at $2,000, perhaps intending to make a note for that amount corresponding in form with that mentioned in the mortgage. The mortgage was given to secure an indebtedness for goods sold and delivered, and, the Court having found that no actual fraud was intended by either party in this respect, we must hold that it was not void for any of the reasons stated in this paragraph. That it was not vitiated because of excess in the amount, no fraud being intended, see *Corbin v. Kincaid*, 33 Kan. 649, 652 ; *Hoey and others v. Pierron*, 67 Wis. 262, 268. As to the parties, mortgagor and mortgagee, the instrument itself is sufficiently plain ; and if we apply the same rule to the consideration as that adopted in *Griffiths v. Wheeler & Barber*, 31 Kan. 17, and other cases decided by this Court as to the description of the property — namely, that with the inquiries which the mortgage itself would suggest, any person could ascertain the same — we think this mortgage is not void because the indebtedness was upon an account for goods and not upon a promissory note ; for this fact could have been ascertained by inquiry of either party to the instrument. And the fact that the note copied was not complete, but in blank, would be rather suggestive that the nature of the consideration and its amount were not exactly stated.

III. We are forced to differ with the learned trial

Opinion of the Court.

judge as to the effect of taking a third mortgage to secure a *bona fide* indebtedness subject to two others afterward adjudged by a court to be fraudulent and void, there being no pretense that the third mortgagee knew anything of the fraudulent nature of the two mortgages to which his own was made subject. The theory of the defendant in error and of the trial court is, that when the Coroner, representing the attaching creditors, succeeded in avoiding the two prior mortgages, he took the place of the holders thereof and came in ahead of the third mortgagee. It is certain, however, that R. L. McDonald & Co. acquired on the property a chattel-mortgage lien which was three days prior to the liens of the attaching creditors; and we cannot understand how this lien was either divested by or postponed to the subsequent attachments. It is true that R. L. McDonald & Co. may have profited by the contest made by the Coroner representing the attaching creditors, but this was a legitimate advantage, and such as often takes place. We are cited to no authority by the defendant in error which sustains his position, and we know of none. On the contrary, there are several decisions holding the opposite view, either directly or inferentially. *Eddy v. Ireland*, 6 Utah, 147; *Hoey and others v. Pierron*, supra; *Smith v. Post*, 1 Hun, 516; *Tronstine v. Lask*, 4 Baxt. 162; 2 Cobbey, Chat. Mort. § 1044.

For the foregoing error, the judgment must be reversed, and the cause remanded for further proceedings in accordance with this opinion.

All the Justices concurring.

*(margin note: 4. Priority of mortgage over attachment.)*