THE SHERMAN COUNTY BANK v. R. L. McDONALD & Co. *et al.*

No. 8744.

1. FRAUD—*finding of in chattel mortgage sustained. Held,* that the evidence supports the findings in this case.

2. ———— *on issue of, mortgagor's contemporaneous fraudulent acts and declarations admissible though unknown to mortgagee.* On the trial of the question as to the validity of a mortgage claimed to be fraudulent as to the creditors of the mortgagor, fraudulent acts and declarations of the mortgagor made contemporaneously with or prior to the execution of the mortgage may be shown. The fraudulent purpose of the mortgagor being shown

by competent evidence, knowledge of or participation in his fraud by the mortgagee may then be proved by any competent evidence, and it is not necessary to show that the mortgagee had notice of each particular fraudulent act or attempt of the mortgagor.

·*Error from Sherman District Court.*

*Hon. Charles W. Smith, Judge.*

AFFIRMED.                    OPINION FILED NOVEMBER 7, 1896.

*Solomon & Bland,* for plaintiff in error.

*A. H. Ellis,* and *F. T. Burnham,* for defendant in error, W. B. Swisher.

ALLEN, J.   The questions presented to this Court arise from the trial of an interplea, filed by the plaintiff in error in an action brought by R. L. McDonald & Co. against W. B. Swisher, coroner of Sherman County, to recover a stock of merchandise theretofore owned by W. H. Daly.   The Sherman County Bank claimed the property under a chattel mortgage executed to it by Daly.   Questions with reference to the validity of the chattel mortgage under which McDonald claimed were decided in the case of *McDonald v. Swisher,* ante, p. 205, 45 Pac. Rep. 593.   It was claimed by Swisher, the coroner, representing attaching creditors, that the mortgage to the Bank was fraudulent.   The Court so held on the evidence.

The principal contention on the part of the plaintiff in error is that the finding that the mortgage to the Bank was fraudulent is not supported by the evidence.   On reading it we find sufficient evidence to support the finding of the Court.

Complaint is made of several rulings with reference to the introduction of testimony.   We find no substantial error in any of them.   Certain witnesses were permitted to testify to conversations had with Daly in the absence of all the representatives of the Bank,

and of which it does not appear that the Bank, or any person connected with it, had any knowledge. It is claimed that these conversations were inadmissible under these circumstances, but we hold otherwise. In showing the invalidity of the Bank's mortgage it was necessary to prove, first, Daly's fraudulent purpose; second, that the Bank either actually participated in the fraud, or had knowledge of it, or of such circumstances as would put a reasonable man on inquiry concerning it; third, that, by taking the mortgage, the Bank aided him in carrying out his fraudulent design. Daly's fraud could be shown by his acts and declarations made at the time of or prior to the execution of the mortgage. Knowledge of Daly's fraudulent purpose by the officers of the Bank might then be shown by any competent evidence. There was no necessity of proving knowledge of each particular step taken by Daly in the accomplishment of his design. It was sufficient if the Bank knew by any means that his purpose was to defraud his creditors, and that it, in taking the mortgage, attempted to aid him in its accomplishment. The testimony of A. H. Ellis as to the statements made by Daly after the execution of the mortgage, and which were in the nature of admissions, was improperly admitted, but the error does not seem important, and is insufficient to warrant a reversal. The fact sought to be established by this testimony was abundantly shown by other evidence in the case, and does not seem to have been disputed.

The judgment is affirmed.

All the Justices concurring.