This decision is upon a motion by defendants in error to dismiss the petition in error herein, and also upon the former's accompanying motion to strike a sheriff's return attached to the case-made to show due notice of presentment of case-made to the trial judge for settlement, and also upon the first-mentioned party's request for leave to withdraw from attachment to said case-made a letter from his attorney to the trial judge suggesting amendments and a response thereon by the latter refusing to allow the same and stating his reasons therefor. The essential facts, when not expressly stated, will be understood from the points decided.
The statutes (sections 4444, 4445, Stat. 1893, the same being sections 5242 and 5244, Rev. Laws 1910) do not prescribe any mode of service of such notice of presentment of case-made for settlement, nor any mode of proof of such service; and, although the mode of proof adopted in the instant case is not to be commended, said sheriff's return, being sufficient in form, is prima facie proof of such service (Jones v. Balsley Rogers et al., 25 Okla. 344, 106 P. 830, 138 Am. St. Rep. 921, and R. L. McCloud Co. v. Swisher, 57 Kan. 205, 45 P. 593), there being nothing in the case-made nor in the *Page 787 
certificate of settlement of the same and no affidavit or other evidence offered by the movant showing that the recitals in said return are not true. The certificate of the judge settling the case recites that "on this the 7th day of October, 1915, in the county of _____, at _____, Oklahoma, and within the Twenty-Sixth judicial district, the above and foregoing case-made was presented," etc., for settlement; but, notwithstanding the omission of the county and the place therein at which the case was settled, it will be presumed, in the absence of anything appearing to the contrary, that the same was done at the place stated in said notice.
The mere fact that the petition in error was first filed herein without the case-made attached, the latter being filed afterward and now attached, both filings being within the six months period allowed for bringing cases to this court for review, does not defeat the jurisdiction of this court, and is not a ground for dismissal.
The bare statement that said letter and response thereon in regard to amendments of the case-made are no part of the case-made, and were attached without authority of law or the knowledge or consent of defendant in error, and is a private letter never filed in the trial court, is not sufficient to require this court to permit the requested withdrawal by the defendant in error.
All the Justices concur. *Page 788