[No. 29350. Department One. November 28, 1944.]

CARL LUBLINER, *Appellant,* v. EDWARD S. RUGE *et al.,*
*Respondents.*[1]

[1]Reported in 153 P. (2d) 694.

*Riddell & Riddell,* for appellant.

*Hyland, Elvidge & Alvord* and *Monroe Watt,* for respondents Ruge.

*Carkeek, Harris, Harris & Carroll,* for respondents Kinerk.

GRADY, J.—This action was brought by Carl Lubliner against Edward S. Ruge and Edwin T. Kinerk and wife to recover damages for injuries sustained as the result of an automobile driven by Ruge coming in contact with him as he was traveling across a street intersection. The case was tried before the court and a jury, and a verdict for the defendants was returned. Plaintiff has taken an appeal from the judgment entered dismissing his action. Mr. Ruge will be referred to as though he were the only respondent.

The physical situation was as follows: Pike street and Twelfth avenue intersected. Pike street ran approximately east and west and Twelfth avenue approximately north and south. At the intersection, the streets were each fifty-two feet wide between curbs. The light at the intersection had a total cycle of fifty seconds. The green light would be on for twenty-eight seconds for the north- and south-bound traffic on Twelfth avenue; then there would be an interval of three seconds when the light would be red all around. This was followed by sixteen seconds of a green light for the east- and west-bound traffic on Pike street, and then three seconds of red light all around.

On January 16, 1942, at about the hour of 6:45 in the evening, appellant was walking east along the sidewalk on the south side of Pike street. As he was crossing Twelfth avenue, he was struck by an automobile being driven by respondent in a southerly direction on the west side of Twelfth avenue. The appellant bases his action, so far as his appeal is concerned, upon the alleged negligence of respondent in driving the automobile into the intersection at an unlawful rate of speed and against the red light. There are other acts of negligence alleged, but the assignments of error do not involve them.

The defense is based upon the alleged contributory negligence of appellant, in that he entered the intersection against the red light and otherwise failed to exercise reasonable care for his own safety.

The appellant assigns as error that the court refused to permit him to refer in his opening statement to the jury and to prove that respondent had been drinking intoxicat-

ing liquor prior to the happening of the accident. The respondent contends that the proof of such fact was not admissible because it was not pleaded in the complaint, and appellant meets this by asserting that the condition of respondent arising out of the consumption of an intoxicant was evidentiary, and it was not necessary to plead it.

The cases cited by appellant support the rule for which he contends; namely, that, if it appeared from the evidence that respondent was under the influence of intoxicating liquor at the time of the accident, such condition in and of itself would not constitute negligence, but could be considered by the jury as evidence bearing upon the question whether respondent was or was not guilty of one of the acts of negligence charged in the complaint, but in none of them does it appear that the question of pleading we now have before us was raised or decided.

In deciding the question of pleading, we must take into consideration the foregoing rule; Rem. Rev. Stat., Vol. 7A, § 6360-119 [P. C. § 2696-877], making it unlawful to operate any vehicle upon a public highway while under the influence of or affected by the use of intoxicating liquor; the general rule that a pleading should allege ultimate facts, and not contain evidentiary matter; and that the adverse party should be apprised of that with which he is charged as a basis of liability with sufficient certainty so as to enable him to prepare for and meet it at the trial of the action. A violation of the statute is negligence as a matter of law. When the violation of a statute is relied upon as a basis of negligence, such statute need not be set forth in the pleading, but the facts making the statute applicable must be alleged. *Anderson v. Pantages Theatre Co.*, 114 Wash. 24, 194 Pac. 813. Evidence of being under the influence of or affected by the use of intoxicating liquor while driving an automobile or while doing any other act likely to do harm, is very damaging to one charged with negligence, and he should be informed of such charge so as to be able to gather and submit proof to the contrary. We, therefore, state the rule to be that, when a party to an action contemplates submitting affirmative proof that, by reason of the use

of intoxicating liquor, there was thereby a contribution to some act or omission which it is alleged constituted negligence, such fact must be pleaded by such party. This was the ruling of the trial judge, and he was correct in such action.

Assignments of error are directed at instructions given to the jury setting forth the respective duties of respondent and of appellant when entering the intersection. The factual situation upon which the instructions were based is to be gathered from the testimony of the appellant and Rosalee Gately, David Kinerk, and G. H. Holt, and such proper inferences as may be drawn from their testimony.

Miss Gately and Kinerk were riding in the front seat of the automobile with respondent, who was not present at the trial and did not testify by deposition. Holt, a bus driver, was in his bus, on the south side of Pike street, waiting for the light to change so he could proceed easterly. The appellant stated that he was walking east on the sidewalk on the south side of Pike street. As he reached the west side of Twelfth avenue, he stopped and waited for the intersection light to change to green. When the change came, he went forward and had progressed as far as about the center of Twelfth avenue when he stopped to make sure that an automobile in front of him and to his right would not move across his way. At that moment he was struck and remembered nothing further.

Miss Gately stated that, as the car driven by respondent approached the intersection, it was moving at the rate of about twenty-five miles an hour. Rain was falling. She saw a green light ahead. It changed to red all around just as the car was either right at or on the north crosswalk of Pike street. Respondent drove the car across Pike street and did not slacken its speed. She did not see the appellant, but felt an impact on the car.

David Kinerk stated that, as the car approached the intersection, it was moving at the rate of about twenty-five miles an hour. He saw a green light ahead when the car was a block or a block and a half from it. Rain was falling. The windshield swipe was working. The street was wet. When

the car was about twenty or thirty feet from the north crosswalk in Pike street, the light changed to red. Respondent let up on the gas and went through the intersection at about the rate of twenty miles an hour. Kinerk did not see the appellant.

Holt, the bus driver, stated that he was waiting for the light to change. When it did, he started forward. He looked to the north and saw a car, approximately at the alley, coming south on Twelfth avenue at a high rate of speed, and, believing that the driver could not stop, he waited for him to pass. The driver of the car went through the intersection against the red light at a speed of about twenty to twenty-five miles an hour. Holt heard a loud noise and, when he looked, he saw that appellant had been struck. Rain had just started to fall, but not enough to require the use of a windshield swipe. The street was neither wet nor dry.

■ An exception was taken to instruction No. 15, but Rule 10 of this court was complied with only with reference to the following part:

"On the other hand, you are further instructed that it is negligence for a pedestrian to start across the street on the crosswalk while the automatic traffic signal is still red for traffic moving in the direction in which he seeks to cross, and that drivers of automobiles crossing said intersection in such case have the right to proceed through the intersection and assume that pedestrians will observe the light and obey the laws and will yield to them the right-of-way, until they see, or in the exercise of reasonable care should see, to the contrary."

The appellant says in his brief:

"The entire evidence in this case is to the effect that the light was red against the automobile before he entered the intersection, and there is no evidence in support of that portion of the instruction."

This statement overlooks the testimony of Miss Gately to which we have referred. All the law cannot be stated in one instruction, and we think this instruction contemplates a situation in which the pedestrian moves against the red light and the automobile is moving with the green light.

Viewed from this standpoint, the instruction is a correct statement of the law. The other objections made to this instruction are more properly directed towards another, which we shall later discuss.

■ Instruction No. 17, given by the court, is as follows:

"You are instructed that even if you should find from the evidence in this case that the defendant Ruge entered the intersection at 12th Avenue and East Pike Street after the traffic signal had turned red against traffic proceeding in a northerly and southerly direction and the plaintiff commenced to cross 12th Avenue in an easterly direction after the traffic light showed green for traffic moving in an east-west direction, if the plaintiff looked to his left before crossing said intersection and saw, or should have seen, the approaching automobile driven by the defendant Ruge, and stepped into the path of the oncoming car, the plaintiff would be guilty of contributory negligence."

The objection made by appellant to this instruction is that there is no evidence in the record to which it can apply, as it all shows that appellant had reached about the middle of the street when he was struck and that he did not step into the path of the oncoming car. The instruction does not state that it was the duty of appellant to have looked to the north before going with the green light, but states that, if he did look and saw the approaching car, or if, when he looked, he should have seen it, he would be negligent if he then stepped in front of it. On this basis the instruction was correct, because, even though a driver of an automobile unlawfully drives against a red light, a pedestrian cannot be excused if he negligently steps into its path.

■ Instruction No. 18 is as follows:

"Even though you find from the evidence in this case that at the time plaintiff started to cross 12th Avenue the traffic signal showed green and was in his favor, and that the defendant automobile was so close to the course plaintiff was following that if defendant proceeded an accident would occur, and if you further find that the plaintiff saw, or in the exercise of reasonable care should have seen, said automobile, then even though it may have been going at an excessive rate of speed, the plaintiff was bound to conduct himself as a reasonably prudent and careful man would

conduct himself under like or similar circumstances, and if he failed to do so and such failure materially contributed to such injuries, then your verdict must be for the defendants.

"The law is that the plaintiff cannot voluntarily place himself in a situation which he knew, or by the exercise of reasonable care should have known, was dangerous to his own safety."

The exception taken is directed to the second paragraph and is that there is no evidence in the record justifying that portion of it. However, there is room for the inference that, when appellant started to cross Twelfth avenue with the green light, the position and the speed of the oncoming car was such that he either saw or should have seen it and have realized it would be dangerous to him if he entered its path. This situation would warrant the giving of the second paragraph of the instruction. No exception was taken to the first paragraph.

Instruction No. 20 is as follows:

"You are instructed that if the traffic light signal at the intersection of 12th Avenue and East Pike Street changed and flashed the red light against traffic proceeding in a northerly and southerly direction on 12th Avenue just as the defendant automobile entered said intersection, that then and in that event the defendant Ruge had a right to proceed across said intersection and it became the duty of the plaintiff to permit said defendant to complete his crossing of said intersection before himself crossing 12th Avenue, and the defendant Ruge in such case should have the right to assume that pedestrians attempting to cross said street would permit him to pass, and defendant Ruge would have the right to rely upon such assumption until he saw, or in the exercise of reasonable care should have seen, to the contrary."

This instruction was incorrect from two standpoints: It relieved the driver of the car of the duty to anticipate that the red light might turn against him and to so regulate his speed as to be able to avoid entering the intersection against it, and it cast upon the appellant the duty to look for the approach of the car and to give it the right of way even

though he had the green light in his favor when he entered the intersection.

■ We think it may properly be said that the purpose to be served by having the light red all around for three seconds was to enable the traffic lawfully in the intersection to clear before the green light turned for the traffic in the other direction. Also, that, if a car is being driven at a proper speed under the then existing conditions and the red light turns just as the car is entering the intersection, and to stop in the intersection would impede traffic from the other direction upon the turning of the green light, the driver is justified in proceeding if he does so with due care, anticipating that such traffic may start with the green light.

■ On the other hand, the rule in this state is that a pedestrian has the right to enter the intersection when the green light turns in his favor and to proceed across it and to presume the traffic from his left and right will be carried on in obedience to the law and not interfere with his progress. *Church v. Shaffer,* 162 Wash. 126, 297 Pac. 1097; *Woods v. Greenblatt,* 163 Wash. 433, 1 P. (2d) 880; *Ballard v. Yellow Cab Co.,* 20 Wn. (2d) 67, 145 P. (2d) 1019.

In the *Woods* case, we said, p. 439:

"Respondent had a right to assume that the automobilist would obey the law and not attempt to cross a street intersection against a traffic signal contrary to ordinance and statute. There was no duty imposed upon him of doing other than proceeding across the street when the green light showed in his favor, presuming that the eastbound and westbound traffic would not attempt to interfere with his progress."

■ The evidence submitted by respondent presented two situations for the jury to consider. One witness stated the red light turned against respondent when the car he was driving was about twenty-five feet north of the north crossing. Another witness said it turned red when the car was either right at the crosswalk or on it. The testimony of a witness called by appellant indicates the car was much farther away from the intersection when the red light turned. The instruction takes into consideration only the

theory that the red light turned against respondent just as he entered the intersection. It should have included the other theories as disclosed by the other witnesses, or they should have been presented to the jury in other instructions. The jury should also have been instructed to the effect that, as respondent approached the intersection with the green light in his favor, it was his duty to anticipate it would change and to be driving the car in such manner, considering the condition of the weather and the street on which he was driving, that, by the exercise of reasonable care, he could have avoided entering the intersection against the red light. The instruction may have given the jury the idea that respondent could race with the green light, and, if it turned red against him as he entered the intersection, he could assume that pedestrians who had the right to go with the green light would see him and permit him to pass.

The appellant had the right of way as soon as the green light turned in his favor. At this instant the red light had been against respondent three seconds and he had lost the right of way. In his approach to the intersection with the green light ahead of him, the longer that light had been green the greater his anticipation of a change should have been and the greater the necessity of being prepared to stop when the change occurred.

It was said by the court in *Rose v. Campitello,* 114 Conn. 637, 159 Atl. 887, p. 641:

"So in approaching an intersection a driver must use reasonable care to guard against the possibility that a green traffic light may turn yellow and then red, thus putting an end to his right to proceed and giving that right to vehicles approaching upon the intersecting street. He has no right, as a matter of law, when he sees a green light ahead, to approach the intersection and, without reducing his speed, proceed through it in an attempt to 'beat' the light; but it is his duty to drive at such a speed and to have his car under such control as a reasonably prudent person would in view of the possibility that the traffic light may change. If he is approaching at a moderate rate of speed careful operation of his car might not require any abatement of speed. If at a higher rate failure to slacken his speed as he approached the intersection might be the clearest kind of negligence."

The instruction placed too great a burden upon appellant and not enough upon respondent.

 Instruction No. 21 is as follows:

"If you believe from the evidence of this case that the defendant Ruge became confronted with an emergency due to the negligence of the plaintiff, and not due to any negligence on his part, and that he exercised such judgment and performed such acts as a reasonably prudent person confronted with such an emergency would have exercised and performed under the circumstances, then the defendant Ruge would not be negligent and your verdict must be for the defendants."

The objection made to this instruction is that the evidence does not show a factual situation to which the rule pronounced can apply. The respondent did not testify. Neither of the occupants of the car saw or was conscious of the presence of the appellant in the intersection before the impact. Darkness had fallen and visibility was poor. It cannot be assumed that respondent became suddenly aware of the presence of appellant in the path of the car he was driving. In order that the doctrine of acts in an emergency can apply, there must be an emergency of some kind, but there could be none here if the presence of appellant in front of the car was not known to respondent. As the record stood, it was error to give the instruction.

Errors have been assigned upon the giving of instructions on the family car doctrine, emancipation of a minor, and the refusal to give instructions proposed by appellant on these subjects. The verdict was a general one for all of the defendants, and we cannot determine whether it was based upon a ground common to all, such as the contributory negligence of appellant, or upon different grounds, one or more applicable only to respondent and one or more applicable only to his codefendants. We must assume therefore, it was based on a common ground. It thus not only becomes unnecessary for us to pass upon the questions raised, but not proper as well to do so in view of the fact that there must be a new trial of this case.

The judgment is reversed and the case remanded, with

instructions to vacate the judgment of dismissal entered and to award the appellant a new trial.

SIMPSON, C. J., MILLARD, STEINERT, and JEFFERS, JJ., concur.