**Leroy TAYLOR, Plaintiff in Error,**

**v.**

**Edward C. SITES, Defendant in Error.**

**No. 36626.**

Supreme Court of Oklahoma.

Nov. 8, 1955.

Rehearing Denied April 17, 1956.

Paul W. Updegraff, Lester A. Reynolds, Norman, for plaintiff in error.

Cheek, Cheek & Cheek, Oklahoma City, for defendant in error.

DAVISON, Justice.

This is an action for damages for personal injuries resulting from a collision of an automobile and a motorcycle, brought by the plaintiff, Leroy Taylor, against the defendant Edward C. Sites. The parties will be referred to as they appeared in the trial court.

Shortly after noon on April 6, 1953, plaintiff was riding his motorcycle in a westerly direction in the center lane on Tenth street in Oklahoma City, Oklahoma. Said street was a busy four lane through street, protected from intersecting traffic by stop signs. At the same time, defendant was driving his automobile in a northerly direction on Lee Street upon which there was a stop sign at its intersection with Tenth street. About 150 to 175 yards before he reached the intersection, plaintiff slowed the speed of his vehicle so that a taxicab immediately in front of him could make a left turn into a hospital driveway. After pulling around the cab he continued on toward the intersection at a moderate rate of speed. Defendant drove up to the intersection, stopped at the sign, crossed the eastbound lanes of traffic and just as he was entering the center westbound lane, the two vehicles collided. Immediately before the collision, plaintiff swerved to his right away from the defendant's approaching automobile but was struck at about the middle of his motorcycle. He and his vehicle slid some 27 feet in a northwesterly direction, coming to rest near the street curbing. His motorcycle was practically demolished and also he received personal injuries.

The case was tried to a jury upon plaintiff's petition and defendant's cross-petition for the damage done to his car. The verdict was against recovery by either party and plaintiff has perfected this appeal from said verdict and the judgment rendered thereon.

■ Defendant, as one of his defenses, pleaded that he was confronted with, and acted in, a sudden emergency. Over plaintiff's proper objection and exception, the trial court gave an instruction upon that theory. The basis of plaintiff's objection was that there could have been no action in a sudden emergency because defendant testified that he did not see plaintiff or the motorcycle until the moment of impact. The record discloses that testimony and, with plaintiff's contention, we agree.

The exact question here presented has not to our knowledge been presented to this court but on numerous occasions we have held that the giving of an instruction upon an issue not supported by the evidence is error. A recent application of that rule was in the case of Huey v. Stephens, Okl., 275 P.2d 254. Wherein the erroneous instruction was upon "unavoidable accident." In the instant case, defendant could not have acted in a sudden emergency because he did not see plaintiff until the collision.

A very similar state of facts was before the Washington Court, in the case of Lubliner v. Ruge, 21 Wash.2d 881, 153 P.2d 694, 699. It was there said,

"The objection made to this instruction [on acts in a sudden emergency] is that the evidence does not show a factual situation to which the rule pronounced can apply. The respondent did not testify. Neither of the occupants of the car saw or was conscious of the presence of the appellant in the intersection before the impact. Darkness had fallen and visibility was poor. It cannot be assumed that respondent became suddenly aware of the presence of appellant in the path of the car he was driving. In order that the doctrine of acts in an emergency can apply, there must be an emergency of some kind, but there could be none here if the presence of appellant in front of the car was not known to respondent. As the record stood, it was error to give the instruction."

The same reasoning and conclusion applies to the case now before us, necessitating a reversal and remand for new trial. Having reached the conclusion that a new trial must be had, it is not necessary to decide the other proposition presented.

However, defendant in error has presented a motion to dismiss the appeal upon the grounds that it was not lodged in this court within the time required by law. It is provided by 12 O.S.1951 § 972 that appeals shall be commenced in this court within three months from the rendition of the judgment, "provided, however, that the trial Court may in its discretion extend period of time not to exceed six (6) months." The appeal was filed within the statutory time if the time was extended by the order of the trial court "that the plaintiff have until the 15th day of July, 1954, within which to file the case-made in the Supreme Court of the State of Oklahoma."

■ By 12 O.S.1951, § 956, it is provided that the plaintiff in error shall attach to and file with the petition in error the original case made filed in the court below. This statute has been construed to mean that an appeal has not been filed in time, even though the petition in error is timely filed, unless the case made is attached thereto and filed also within said time. Creek Realty Co. v. City of Muskogee, 49 Okl. 413, 153 P. 180; In re Bacon's Estate, 49 Okl. 785, 154 P. 512. Since the filing of the case made would be a nullity unless filed within the extended time to commence the appeal in this court, the only conclusion as to the meaning of the trial courts' order that can be reached is that the order extended the time to file the petition in error as well as to file the case made.

Motion to dismiss appeal is denied and the judgment reversed and cause remanded for new trial.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN and BLACKBIRD, JJ., concur.

WELCH, HALLEY and HUNT, JJ., dissent.