[No. 37105.    Department Two.    June 25, 1964.]

EVERETT LUNDGREN, *Appellant*, v. RICHARD KIEREN *et al.*,
*Respondents.**

*Torbenson, Thatcher & Stevenson,* by *Robert Stevenson,*
for appellant.

*Kahin, Horswill, Keller, Rohrback, Waldo & Moren,* for
respondents.

*Reported in 393 P. (2d) 625.

OTT, C. J.—November 17, 1960, at approximately 7:30 a.m., Everett Lundgren, aged 35, started to run across the highway from the west side of the pedestrian lane on Empire Way South in Seattle, at the intersection of South Columbian Way, after the controlled traffic signal had turned red for him and green for vehicular traffic. It was dark and raining; motorists were using headlights and windshield swipes. Several automobiles in the curb lane for southbound traffic had stopped for the signal light at the north side of the intersection. When the signal light turned green, the automobiles in the curb lane started across the intersection.

Richard Kieren was driving the lead automobile southbound in the inside lane. The automobiles in the curb lane were ahead of, beside, and behind him. As he approached the South Columbian Way pedestrian lane, his view of the lane to his right was obstructed by the automobile in front of him in the curb lane. As the lead automobile in the curb lane slowed at the pedestrian lane, Mr. Kieren then saw Everett Lundgren crossing the highway at a "dead run." He applied the brakes, but was unable to stop before striking and injuring him.

Everett Lundgren, through his guardian ad litem, commenced this action against Richard Kieren and wife to recover for his injuries, alleging the following acts of negligence:

"(1) In driving his automobile at an excessive rate of speed for the conditions then and there existing;

"(2) In failing to keep a lookout and observe other traffic at said intersection and failing to observe and keep a lookout for the plaintiff herein;

"(3) In failing to yield right of way to the plaintiff herein at said crossing;

"(4) In failing to exercise reasonable care under the circumstances then and there existing to observe and watch out for the plaintiff when defendant's vision was obscured and/or impaired by another vehicle to his right;

"(5) In failing to keep his automobile under proper control or any control whatsoever."

Richard Kieren alleged that he is single, and he will hereafter be referred to as the sole defendant. His answer denied negligence and alleged that Everett Lundgren was injured as a direct and proximate result of his own negligence in running across Empire Way South against the red traffic light, and without looking out for vehicular traffic. One deposition and eleven affidavits of witnesses who saw the accident, or the manner in which the automobiles on the highway at that time and place were being driven, were filed.

The defendant submitted written interrogatories to the plaintiff, one of which was as follows:

"Furnish the names, addresses, occupations, job designations and present location of any person known to you or your attorneys, as having knowledge of relevant facts pertaining to the above entitled cause. This request is intended to include all witnesses known to you or your attorneys."

Plaintiff's answer to this interrogatory was "I don't know of any."

Upon defendant's motion for summary judgment, the court dismissed the claim with prejudice. Plaintiff appeals.

Appellant's sole assignment of error is:

"The trial court should not have granted summary judgment because the defendant's speed, observation and care present jury questions as to negligence."

A resume of the undisputed material facts, as shown by the affidavits and deposition filed, is as follows:

Everett Lundgren attempted to run across Empire Way South against the red light at a traffic-controlled intersection to catch a bus which was stopped for passengers on the east side of Empire Way South at the South Columbian Way intersection. Several passengers in the bus saw Everett Lundgren run squarely in front of the automobile driven by respondent, whose view of the pedestrian lane to his right was obstructed by an automobile larger than his Corvair. Respondent was proceeding across the intersection at a lawful rate of speed. He first observed Everett Lundgren, over the hood of the automobile to his right, crossing the highway at a "dead run," when his automobile was only

a few feet from the crosswalk. He applied the brakes, but was unable to stop in time to avoid striking Everett Lundgren. A Seattle police officer was traveling south a few car lengths behind respondent's automobile. He inspected the brakes on the Corvair and found them to be in good condition, and stated that respondent had stopped approximately 12 paces from the point of impact. None of the above facts is controverted.

■ This appeal involves the duty of care a motorist must exercise as he approaches a pedestrian lane at a controlled intersection, when the traffic signal is red for pedestrians and green for vehicular travel. Under such circumstances, the motorist, by virtue of the green traffic signal light, has the right of way. He has a right to assume that pedestrians will not cross the street in violation of the traffic signal. *Lubliner v. Ruge,* 21 Wn. (2d) 881, 886, 153 P. (2d) 694 (1944). This presumption continues until he sees or, in the exercise of reasonable care, should have seen that a pedestrian was failing to yield the right of way. *Lubliner v. Ruge, supra.*

■ When a driver, proceeding at a lawful speed and exercising due care for the safety of others, is confronted with an emergency not of his own making, he has a duty to act as would a reasonably prudent person under the circumstances then confronting him, and to try to avoid an accident. *Ruff v. Fruit Delivery Co.,* 22 Wn. (2d) 708, 721, 157 P. (2d) 730 (1945), and cases cited. The undisputed facts in the instant case establish that the respondent exercised the full duty of care required of him, and that he was not negligent.

Appellant relies upon the following provisions of RCW 46.60.250:

"  . . .

"Whenever any vehicle is stopped at a marked crosswalk . . . at an intersection to permit a pedestrian to cross the roadway, the operator of any other vehicle approaching from the rear shall not overtake and pass such stopped vehicle. . . ."

There was no evidence that any of the vehicular traffic had stopped at the South Columbian Way intersection at the time of the accident. In this regard, respondent stated in his deposition:

"Q. Now, was the lead car of the three cars that were stopped for the light, had that car stopped for Mr. Lundgren at that point? A. I can't say at this point for sure whether he had stopped or not. I caught my first glimpse of Lundgren over the hood of this car. . . . Q. Do you know whether the lead car had commenced to move at all at that point, the point when you first saw Mr. Lundgren? A. He was substantially through the intersection. Obviously with me here and Lundgren here, in order for me to look over the hood of this car and see Lundgren, he has got to be just about through the intersection. Q. And how fast was that lead car traveling at that time when you looked over his hood and saw Lundgren? A. He has observed stepping out into the street, and has slowed to avoid hitting him. Q. So, was he just moving a mile or two an hour, or almost stopped? A. I wouldn't know. Q. You wouldn't know how fast he was traveling at that point? A. No. Q. But, he had slowed to allow Lundgren, he saw Lundgren, apparently, the lead car? A. I assume so."

Earl M. Blansfield, one of the eyewitnesses to the accident, stated in his affidavit:

" . . . At the time that the car in the lane nearest to the curb, southbound on Empire Way, had slowed down for Mr. Lundgren commencing to cross the intersection, Mr. Kieren's car was just entering the north half of the intersection."

Another witness, Bernice Baes, stated:

"At about the time the pedestrian reached the west curb of Empire Way, the north-south traffic on Empire Way began to move through the intersection after having been stopped for a red light. I observed the north-south traffic on Empire Way begin to move while the pedestrian was still on the curb. Shortly after this traffic had begun to move, the pedestrian stepped off the curb into the traffic. As soon as he did this I knew that he would be hit by one of the cars as all of the automobile traffic on Empire Way was moving. I then turned my head because I did not want to see the accident, but I did not turn my head away until after he had stepped into the moving traffic."

In the light of this evidence, the cited statute is not apposite.

Appellant further contends that, although Everett Lundgren was a grown man, 35 years of age, had been steadily employed for more than a year, and had commuted from his home to his place of employment alone, nevertheless the record established that he had the mental capacity of a 5-to-9-year-old child.

The court did not indicate whether its order of dismissal was predicated upon appellant's failure to establish negligence on the part of the respondent, or upon the negligence of Everett Lundgren.

■ Assuming, arguendo, that Everett Lundgren was not negligent, the evidence fails to establish that the respondent was negligent. We have consistently held that, if the judgment of the trial court can be sustained upon any theory within the pleadings and the proof, it will not be reversed. *Mooney v. American Mail Line,* 61 Wn. (2d) 181, 183, 377 P. (2d) 429 (1963); *Guerin v. Thompson,* 53 Wn. (2d) 515, 519, 335 P. (2d) 36 (1959); and case cited.

Finally, appellant contends that respondent's "speed, observation and care present jury questions as to negligence," which cannot be resolved by summary judgment.

■ A motion for summary judgment requires a determination of whether a genuine issue of any material fact exists. *State ex rel. Bond v. State,* 62 Wn. (2d) 487, 383 P. (2d) 288 (1963); *Thoma v. C. J. Montag & Sons, Inc.,* 54 Wn. (2d) 20, 337 P. (2d) 1052 (1959), and cases cited. In this regard, the court pierces the formal allegations pleaded. Each party must furnish the factual evidence upon which he relies. *Almy v. Kvamme,* 63 Wn. (2d) 326, 329, 387 P. (2d) 372 (1963). If the evidence and reasonable inferences therefrom present no genuine issue of material fact, and reasonable men could not disagree as to the determination of the material facts, the court should grant the motion. *Balise v. Underwood,* 62 Wn. (2d) 195, 381 P. (2d) 966 (1963), and cases cited. Negligence claims normally involve factual disputes, but, if no genuine issue of material fact is presented when the motion for summary

678

judgment is heard, the issue may be summarily resolved. *Balise v. Underwood, supra.*

The judgment is affirmed.

DONWORTH, FINLEY, WEAVER, and HAMILTON, JJ., concur.