[No. 2153–3.   Division Three.   March 15, 1978.]

HOYT P. SETZER, *Appellant,* v. SOUTH COLUMBIA BASIN IRRIGATION DISTRICT, *Respondent.*

*Richard M. Knoeber* and *Critchlow, Williams, Ryals & Schuster,* for appellant.

*Andrew C. Bohrnsen* and *Leavy, Taber, Schultz, Bergdahl & Sweeney,* for respondent.

ROE, J.—Plaintiff was an employee of the defendant South Columbia Basin Irrigation District (SCBID) from March 24, 1969, to January 19, 1973, at which time he resigned voluntarily. During his time there he had had problems with his family, with child support payments, and with creditor claims, all of which had affected his job relationship. After he resigned from SCBID he went to work for Columbia Irrigation District (CID) and worked for it until March of 1975. At that time he quit at CID and came back to SCBID seeking reemployment, where he talked to Mr. Russell Smith, the secretary–manager of the District.

In this conversation he stated three things. First, he said he was unhappy at CID because the management played favorites, and that he was being let go for that reason. Second, he stated, in response to a direct question from Smith, that he had resolved his family problems. Third, in response to another direct inquiry, he said that he had resolved his creditor problems. Smith was concerned about

these things because the plaintiff wanted to put his mobile home on company property, with those of other employees.

Within 24 hours, Smith received a phone call from the Department of Social and Health Services with respect to Setzer's child support. Smith thereupon contacted Mr. Sunford at CID, from whom he learned, first, that Setzer had not been let go from CID, as he had stated, and also that he had settled neither his family nor his creditor problems. Smith immediately decided to terminate Setzer's employment with SCBID. There were no threats of garnishment or actual attempts to garnish Setzer's salary at SCBID.

The plaintiff claims that his being fired was a violation of RCW 7.33.160,[1] which prohibits discharging an employee because of wage garnishment. The defendant moved for summary judgment. Smith's supporting affidavit alleged that the plaintiff had been fired for having lied. The plaintiff urges that the real reason he was fired was not his misrepresentations, but the threat of garnishment. Plaintiff thus claims that the defendant's motive in firing him is an unresolved issue of material fact.

The trial judge gave the plaintiff ample opportunity to submit controverting affidavits, and even allowed a 60–day extension for this purpose. When the plaintiff filed no such affidavit to the allegations of misrepresentation, the court granted summary judgment to the defendant.

█ In general an employment contract, indefinite as to duration, is terminable at any time by either the employer or the employee. That is, an employer has the right to hire and fire at will in the absence of a statutory, contractual, or other common–law right. *Roberts v. Atlantic Richfield Co.*, 88 Wn.2d 887, 568 P.2d 764 (1977).

---

[1]"No employer shall discharge an employee for the reason that a creditor of the employee has subjected or attempted to subject unpaid earnings of the employee to a writ of wage garnishment directed to the employer: *Provided, however,* That this provision shall not apply if garnishments on three or more separate indebtednesses are served upon the employer within a period of twelve consecutive months."

■ It is the rule in this state that a trial court judgment will not be overturned if any theory within the pleadings and proof can support it. *Lundgren v. Kieren,* 64 Wn.2d 672, 393 P.2d 625 (1964). This rule has been reaffirmed in *LaPlante v. State,* 85 Wn.2d 154, 531 P.2d 299 (1975), in the context of summary judgment. Since it is uncontroverted that plaintiff made misrepresentations to defendant when he was being hired, and since that is a legitimate ground for terminating an employee, and since this was the reason given by the employer, the defendant was entitled to summary judgment against the complaint for wrongful discharge.

■ An employer is entitled to honesty and truthfulness from his employees. The garnishment statute does not immunize an employee when he has been guilty of misrepresentation, merely because there is a possibility that he might be garnisheed in the future. Neither does it protect employees from the consequences of their deceptive acts, nor, even if garnishment be commingled with false statements, must we hold that the employee's mendacity may not be a basis for termination.

The judgment is affirmed.

MUNSON, C.J., and GREEN, J., concur.

Reconsideration denied April 18, 1978.

Review denied by Supreme Court October 6, 1978.