[No. 39973.    Department One.    May 1, 1969.]

GRACE E. HILL, *Individually and as Executrix, et al., Respondents*, v. L. W. WEIDERT FARMS, INC., *Appellant.*[*]

*Cameron Sherwood* and *Sherwood, Tugman & Green*, for appellant.

[*]Reported in 454 P.2d 220.

872

*Ringhoffer & Patrick* and *Leavy, Taber & Schultz,* by *James Leavey,* for respondents.

COLE, J.†—This appeal arises from an action instituted by respondents, Grace Hill, individually, and as executrix of the estate of her deceased husband, Anthony Hill, and Brant Hill, Lane Hill and Iris Chretien, their children, seeking to quiet title by adverse possession to approximately 30 acres of land located in Walla Walla County.

The trial court found that respondents had adversely occupied the land in question for more than 10 years, during the period of 1940 to 1965, and were therefore entitled to the land.

The disputed tract lies east of an unvacated, unused county road, and west of a single fence. The said fence runs generally in a north-south direction, approximately parallel to, and east of said road. The Hill property lies to the west of the road and the property owned by appellant is located to the east of the road. The Hills moved on the property in 1939 and began purchasing it the following year. At that time the Hills contend that they believed the fence to be the property line and have used the disputed tract for over 20 years as their own property. Appellant acquired his property in 1958 and contends that the property line is actually the center of the county road.

Appellant first assigns error to the trial court's finding that respondents had in fact acquired the property by adverse possession and alleges that the property was not used exclusively by the Hills and that such use was not open and notorious.

■ In *Butler v. Anderson,* 71 Wn.2d 60, 64, 426 P.2d 467 (1967), this court reiterated the rule that:

> [T]o constitute adverse possession, there must be actual possession which is uninterrupted, open and notorious, hostile and exclusive, and under a claim of right made in good faith for the statutory period. *Skansi v. Novak,* 84 Wash. 39, 146 Pac. 160 (1915).

†Judge Cole is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

■ . Appellant makes several arguments in an attempt to refute respondents' claim of adverse possession.. He first claims that respondents cannot claim adverse possession of the property because an unvacated county road runs through the property. We point out, however, that respondents make no claim to the road, and since Walla Walla County is not a party to this action, their rights are not affected. Since the description of the property runs to the fence line, the decree of the trial court has the effect of making respondents abutting landowners on both sides of the road.

Appellant next alleges that throughout the prescriptive period the public used the county road and the only use respondents made of the land was to allow their livestock to graze on the land occasionally. Appellant further contends that neither he nor his predecessors in interest were notified of any claim by respondents until 1965, and that after he acquired the property he did in fact assert ownership over the land in question.

The record discloses that for 18 years prior to the time appellant acquired the land, respondents believed the boundary to be the fence, and spent time and money repairing and maintaining the fence. During this time they used the property for grazing purposes and such use was exclusive and uninterrupted. It may also be pointed out that after appellant acquired the property in 1958, any attempts he made to use the land were objected to by respondents, and when appellant wanted to disc a firebreak on the disputed tract he first sought the permission of respondents. In any event, most of the evidence presented by appellant was with regard to events that had occurred after the title had passed to the Hills.

■ The evidence shows that from the time the Hills moved on their property they made use of the disputed tract and such use was uninterrupted, hostile, exclusive and done in good faith. In addition, the use was open an notorious. They had livestock grazing on the land, and maintained and repaired the fence. While appellant or his

predecessors in interest may not have received notice from respondents of their claim, the continued use of the land by the one claiming adversely gives even an absent owner reasonable notice that a claim is made hostile to his. *Malnati v. Ramstead,* 50 Wn.2d 105, 309 P.2d 754 (1957).

■ Whether or not respondents are entitled to the land by a claim of adverse possession is a question of fact, and as we have often stated, when the findings of the trial court are amply sustained by the record, as they are in the instant case, this court will not substitute its judgment for that of the trial court. *Sander v. Wells,* 71 Wn.2d 25, 426 P.2d 81 (1967); *Hollingbery v. Dunn,* 68 Wn.2d 75, 411 P.2d 431 (1966); *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959).

Appellant also claims that respondents are estopped from claiming the property. In 1964, Anthony Hill died and Mrs. Hill, who was executrix of the estate, failed to inventory the disputed tract. This contention is also without merit since appellant failed to show any element of equitable estoppel.

■ As we stated in *Peplinski v. Campbell,* 37 Wn.2d 857, 861, 226 P.2d 211 (1951), equitable estoppel rests upon the principle that when a person causes another to change his condition to his detriment, the person performing such acts may not assert a right which he might have otherwise had. Three things must occur to create equitable estoppel:

(1) An admission, statement, or act inconsistent with the claim afterwards asserted; (2) action by the other party on the faith of such admission, statement, or act; and (3) injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement, or act.

In the instant case appellant has presented no evidence of any statements made or actions taken by respondents which misled him into believing that the property in question was owned by them, except by a claim of adverse possession, nor has he shown that he acted to his detriment on the failure of respondent, Grace Hill, to include the

disputed tract in the inventory of the estate or that he suffered injury from the omission.

Appellant's next assignment of error deals with the description of the disputed tract. It is argued that the actual description was not proved and that the trial court should have granted a new trial or granted appellant's motion to reopen the case. The trial court not only had all the exhibits, including surveys of the property, before it but also personally viewed the property. There is evidence that the tract was properly described, and consequently the findings of the trial court will not be overruled.

The last assignment of error alleged by appellant is that his motion to reopen or his motion for new trial should have been granted because a surveyor, hired by him, made a survey after the trial which indicated that the surveys admitted into evidence were incorrect.

In *Praytor v. King County*, 69 Wn.2d 637, 419 P.2d 797 (1966), this court, citing *Nelson v. Placanica*, 33 Wn.2d 523, 206 P.2d 296 (1949), stated the requirements necessary to justify granting a new trial on the ground of newly discovered evidence. They are: (1) that the new evidence will probably change the result if a new trial is granted; (2) that the evidence must have been discovered since the trial; (3) that it could not have been discovered before the trial by the exercise of diligence; (4) that it is material to the issue; and (5) that it is not merely cumulative. Appellant has failed to meet these requirements. The surveyor was hired prior to the end of the trial, and while appellant indicates that the surveyor was driven off the land, he does not show that it was respondents who drove the surveyor away or that he made any further attempts to finish the survey before the end of the trial. In addition, appellant failed to show that the survey would change the result or that it was material to the case.

We, therefore, hold that the decision of the trial court is affirmed and title to the disputed tract be quieted in respondents.

876

Hunter, C. J., Finley, Hamilton, and McGovern, JJ., concur.