[No. 44440.    En Banc.    October 6, 1977.]

SAMUEL J. JACOBSEN, ET AL, *Respondents,* v. THE
STATE OF WASHINGTON, ET AL, *Appellants.*

*Slade Gorton, Attorney General,* and *Carol A. Smith, Assistant,* for appellants.

*Parker & Johnson,* by *Omar S. Parker,* for respondents.

STAFFORD, J.—Appellant State of Washington (State) seeks direct review of a trial court order granting plaintiffs' motion for summary judgment.

On September 26, 1975, plaintiff Jacobsen and others similarly situated brought suit in Grays Harbor County to quiet title to certain ocean front platted tracts and all accretions lying westerly thereof, naming the State and the original platter, Ocean City Land Company (Ocean City) as codefendants. Plaintiffs claimed ownership by adverse possession. Defendant State's answer alleged the land belonged to the people of the State by virtue of a deed dated March 4, 1970, in which defendant Ocean City dedicated the land in question to the State for public use. The deed of dedication was attached to and incorporated in the pleadings. Defendant Ocean City answered by general denial and also by a cross claim not relevant to the issues herein.

On May 21, 1976, defendant Ocean City, acting through its attorney, Charles Welsh, entered into a stipulation with plaintiffs' attorney. They agreed to be bound by judgments previously entered in Grays Harbor County in Matson, et al v. State and Ocean City Land Company, cause No. 57037[1] (hereinafter Matson) and Hamilton v. State and Ocean City Land Company, cause No. 63074 (hereinafter Hamilton).

---

[1] *Matson v. State,* 12 Wn. App. 635, 531 P.2d 836 (1975) is the same case. It was affirmed on appeal to the Court of Appeals.

Plaintiffs in Matson and Hamilton had been adjudged the owners of certain platted lands and all accreted lands lying westerly thereof. It was further stipulated that a judgment would be entered identical to those in Matson and Hamilton and that plaintiffs would be deemed the rightful owners of the questioned land.

On May 24, 1976, judgment was entered pursuant to the above stipulation providing that this case was identical to Matson and Hamilton and that defendant Ocean City had no interest in the accreted lands lying westerly of the platted lands owned by plaintiffs. Defendant State was not a party to either the stipulation or the judgment.

On July 8, 1976, plaintiffs moved for a summary judgment against defendant State claiming there was no genuine issue of material fact and that plaintiffs were entitled to judgment as a matter of law. Plaintiffs asserted that since the State had not appealed the trial court's determination in Matson, which quieted title in the upland owners and held that the State had no interest in the accreted lands in the "area" now in question, Matson was controlling in the instant case. Plaintiffs claimed further that in *Matson v. State,* 12 Wn. App. 635, 531 P.2d 836 (1975) defendant Ocean City was held to have no interest in the "area adjacent to the land, the title of which is being quieted" in this action. Thus, plaintiffs alleged, defendant Ocean City's deed of dedication to the defendant State, dated 2 years after *Matson v. State,* was invalid because at that time defendant Ocean City possessed no interest in the land which it could have conveyed to the State.

In July, defendant State filed an amended answer which amounted to a general denial of plaintiffs' allegations and again alleged that the State owned the contested property by virtue of the Ocean City deed of dedication. As before, the deed of dedication was attached to and incorporated in the pleadings. Defendant State also added three affirmative defenses by the following *bare assertions:* "Defendant State . . . sets out adverse possession, the doctrine of custom and

theory of prescriptive easements as affirmative defenses
. . ."

According to an affidavit of the State's attorney, interrogatories were served on plaintiffs following which plaintiffs filed objections on the ground that the motion for summary judgment would be dispositive. Plaintiffs asked that the issue as to interrogatories be continued until after the August 6 hearing on the motion for summary judgment. Defendant State moved to compel answers asserting that the summary judgment could not prevail and would not be dispositive of the issues. For reasons not disclosed by the record, this issue was not disposed of prior to the hearing on the motion for summary judgment.

On August 6, 1976, the motion for summary judgment came on for hearing. The trial court considered the pleadings including the claim of "adverse possession," the deed of dedication by which defendant Ocean City conveyed the disputed property to defendant State, the stipulation entered into between defendant Ocean City and plaintiffs, and the affidavits of the attorneys for the parties. It also considered the various legal memoranda, briefs, the Hamilton and Matson causes, and the *Matson v. State* decision.

The trial court gave no effect to the deed of dedication, to the stipulation between defendant Ocean City and the plaintiffs, or to defendant State's claim of "adverse possession." However, the court felt itself bound by Hamilton, Matson, and *Matson v. State* because these cases were concerned with "properties either adjacent to or in close proximity to the property" involved herein and because plaintiffs had prevailed against both of these defendants in each of those cases. The trial court granted plaintiffs' motion for summary judgment and declared plaintiffs owners of the accreted lands in dispute.

Defendant State appealed directly to this court and we accepted review.

The State has assigned error to the trial court's granting of plaintiffs' motion for summary judgment; thus,

the basic issue is whether there are any genuine issues of material fact which would contravene plaintiffs' motion. The purpose of the summary judgment procedure is to avoid an unnecessary trial when there is no genuine issue of material fact. However, a trial is absolutely necessary if there is a genuine issue as to *any* material fact. *LaPlante v. State,* 85 Wn.2d 154, 158, 531 P.2d 299 (1975); *Morris v. McNicol,* 83 Wn.2d 491, 519 P.2d 7 (1974); *Preston v. Duncan,* 55 Wn.2d 678, 681, 349 P.2d 605 (1960). A "material fact" is one upon which the outcome of the litigation depends. *Morris v. McNicol, supra; Barber v. Bankers Life & Cas. Co.,* 81 Wn.2d 140, 500 P.2d 88 (1972). Each party must furnish the factual evidence on which he relies. *Lundgren v. Kieren,* 64 Wn.2d 672, 677, 393 P.2d 625 (1964). CR 56(c) provides that summary judgments may be rendered on the basis of "the pleadings, depositions, and admissions on file, together with the affidavits, if any," submitted by the parties. Supporting and opposing affidavits must be made on personal knowledge and must set forth facts that would be admissible in evidence and must show affirmatively that the affiant is competent to testify on the matters stated therein. CR 56(e).

■■ Initially the burden is on the party moving for summary judgment to prove by uncontroverted facts that there is no genuine issue of. material fact. *LaPlante v. State, supra* at 158; *Rossiter v. Moore,* 59 Wn.2d 722, 370 P.2d 250 (1962); 6 J. Moore, *Federal Practice* ¶ 56.07, ¶ 56.15[3] (2d ed. 1948). If the moving party does not sustain that burden, summary judgment should not be entered, irrespective of whether the nonmoving party has submitted affidavits or other materials. *Preston v. Duncan, supra* at 683, *see also* Trautman, *Motions for Summary Judgment: Their Use and Effect in Washington,* 45 Wash. L. Rev. 1, 15 (1970). In ruling on a motion for summary judgment, the court must consider the material evidence and all reasonable inferences therefrom most favorably for the nonmoving party and, when so considered, if reasonable people might reach different conclusions, the motion should be

denied. *Balise v. Underwood,* 62 Wn.2d 195, 199, 381 P.2d 966 (1963); 45 Wash. L. Rev. 4, 5. *See also* 6 J. Moore, *Federal Practice* ¶ 56.11[3], ¶ 56.15[3]. It is in this context that we review the trial court's summary dismissal.

Plaintiffs have attempted to meet their initial burden of proof by relying on Hamilton, Matson and *Matson v. State.* These two cases and the subsequent appeal in *Matson v. State* establish that the State had no right to certain accreted lands in *another area* of Ocean City Land Company's plat that was, according to the trial court's findings, either "adjacent to or in close proximity to the property" here in question. Additionally, Matson and *Matson v. State* held that defendant Ocean City had no right to certain accreted lands in that *other area.* Based on the rulings in Matson and *Matson v. State,* as well as on the stipulation between plaintiffs and defendant Ocean City, plaintiffs contend Ocean City's deed of dedication issued 2 years subsequent to Matson and *Matson v. State* conveyed no interest in the disputed land to the State.

■ Plaintiffs' reliance on Matson and *Matson v. State* is misplaced. First, the trial court found quite correctly that the stipulation entered into between defendant Ocean City and plaintiffs, based on Matson and *Matson v. State,* had no effect on any claim of defendant State. Second, although Matson and *Matson v. State* dealt with land in close proximity they did not involve the same parties and they embraced only allegedly similar issues. Thus, those cases do not have the effect of either res judicata or collateral estoppel in the instant case. Whether the rule of law regarding tidal accretions, in Matson and *Matson v. State,* controls this case by reason of stare decisis depends upon whether the facts in the Matson cases are the same as the facts herein. But, due to the paucity of information on the subject of "likeness" any asserted similarity can only be *assumed.* Since plaintiffs have the burden of proof they are not entitled to rely on such a factual assumption. Also, we are not acquainted with the locality, the lay of the land or the sinuosity of the accreted areas in Matson and *Matson v.*

*State,* or in the instant case for that matter. None of the exhibits in Hamilton or Matson are before this court and we are not informed whether they were before the trial court. Further, plaintiffs herein have provided no plat maps or similar exhibits to establish that the accreted lands in the Matson cases are even similar to the accreted lands involved in the deed of dedication in the instant case. We are in no position to take judicial knowledge of those matters. However, even if plaintiffs had provided us with the foregoing information, it is not our function, when ruling on a motion for summary judgment, to resolve existing factual issues on the merits. Rather, the court must determine whether *any* genuine issue of material fact exists which requires a trial on the merits. *Balise v. Underwood, supra* at 199.

Absent proof of ownership based on Hamilton, Matson and *Matson v. State,* plaintiffs' motion for summary judgment has little to support it because there is other evidence that contradicts their position and which raises a genuine issue as to the ownership of the accreted lands. In short, such evidence raises a material fact upon which the outcome of the litigation depends. That contradictory evidence is the deed of public dedication issued by defendant Ocean City to defendant State. The deed, viewed in a light most favorable to the nonmoving party, the State, leads us to believe that reasonable people might reach different conclusions as to the ownership of the accreted land. Thus, the plaintiffs have not sustained their burden of proving that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. 6 J. Moore, *Federal Practice* ¶ 56.11[2], at 56–211 n.14.

When the moving party fails to sustain its initial burden of proof, it is unnecessary for the nonmovant, in this case the State, to submit affidavits or other materials to meet the motion for summary judgment. *Preston v. Duncan, supra* at 683. As stated by Trautman in his article on "Motions for Summary Judgment" at page 15:

If the moving party does not sustain that burden, summary judgment should not be entered, irrespective of whether or not the opponent has submitted affidavits or other responsive materials.

The order granting plaintiffs' motion for summary judgment is reversed.

The State's assignment of error is also based on the fact that it had affirmatively pleaded the defense of "adverse possession" and the "doctrine of custom." It is argued that these affirmative defenses raise genuine issues of material fact. Having already disposed of plaintiffs' motion based on their failure to sustain the burden in support of their motion for summary judgment, we would ordinarily go no further. However, the matter must be remanded for trial and since the trial court ruled on the State's claim of "adverse possession" and the parties argued the matter in their briefs, we feel compelled to comment upon whether the *bare allegations* of "adverse possession" and the "doctrine of custom" pleaded as affirmative defenses, raise a genuine issue of material fact sufficient to defeat an *adequate* motion for summary judgment.

■ Whether a party is entitled to land by adverse possession is a question of fact. *Hill v. L.W. Weidert Farms, Inc.*, 75 Wn.2d 871, 874, 454 P.2d 220 (1969); *Bepple v. Reiman,* 51 Wn.2d 144, 149, 316 P.2d 452 (1966). But, aside from the *bare assertion* of adverse possession herein, there is nothing in the pleadings or elsewhere to support the claim and raise a genuine question as to the ownership of the property. There is nothing to indicate when the adverse possession is alleged to have commenced and, for that matter, no claim that there was an actual possession which was uninterrupted, open and notorious, hostile and exclusive, and under a claim of right made in good faith for the statutory period. *Hill v. L.W. Weidert Farms, Inc., supra* at 872. A naked assertion of unresolved factual questions is not sufficient to oppose a motion for summary judgment. *Bates v. Grace United Methodist Church,* 12 Wn. App.

111, 115, 529 P.2d 466 (1974). "The whole purpose of summary judgment procedure would be defeated if a case could be forced to trial by a mere assertion that an issue exists without any showing of evidence." *Reed v. Streib,* 65 Wn.2d 700, 707, 399 P.2d 338 (1965), *see also Lundgren v. Kieren, supra* at 677.

· The State also contends that its *bare allegation* that the "doctrine of custom" was asserted as an affirmative defense, raises a genuine issue of material fact. For the reasons just discussed we do not agree that such a bare allegation can defeat an *adequate* motion for summary judgment.

■ Finally, the State complains that it was not able to provide the trial court with the necessary factual information because plaintiffs failed to answer the State's interrogatories despite a motion to compel answers thereto. However, the State has assigned no error to this matter. Further, we have not been provided with the interrogatories alleged to have been served on plaintiffs and thus are unable to evaluate them in light of the trial court's action on the motion for summary judgment. It is the responsibility of an appellant to furnish this court with the precise record considered by the trial court in order for us to properly review error directed to the granting of a motion for summary judgment. *Harris v. Kuhn,* 80 Wn.2d 630, 631–32, 497 P.2d 164 (1972); *American Universal Ins. Co. v. Ransom,* 59 Wn.2d 811, 815, 370 P.2d 867 (1962). Therefore, we will not consider this complaint further.

As indicated above, although the State's bare affirmative allegations of "adverse possession" and "doctrine of custom" would not have been sufficient to meet an *adequately* supported motion for summary judgment, the inadequacy of its affirmative pleading is not determinative here. In a motion for summary judgment the moving party, plaintiffs herein, has the initial burden of proving that there is *no* genuine issue of material fact. *LaPlante v. State,* 85 Wn.2d 154, 158, 531 P.2d 299 (1975); *Rossiter v. Moore,* 59 Wn.2d 722, 370 P.2d 250 (1962); 6 J. Moore, *Federal Practice* ¶ 56.07, ¶ 56.15. Until the moving party has sustained that

burden, the nonmovant, the State herein, has no burden to meet by affidavit or other materials. *Preston v. Duncan,* 55 Wn.2d 678, 683, 349 P.2d 605 (1960); Trautman, *Motions for Summary Judgment, supra.* Plaintiffs failed to sustain their initial burden of proving that there was no genuine issue of material fact. Therefore, the defendant State was entitled to have plaintiffs' motion for summary judgment dismissed despite the inadequacy of its own affirmative pleadings.

The order granting plaintiffs' motion for summary judgment is reversed and the cause is remanded for trial.

WRIGHT, C.J., and ROSELLINI, HAMILTON, UTTER, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.