[No. 8616-0-III. Division Three. November 15, 1988.]

VALLEY QUALITY HOMES, INC., *Petitioner,* v. LEON M. BODIE, ET AL, *Respondents.*

*Ted A. Roy* and *Roy & Pell,* for petitioner.

*Darrell E. Ries* and *Ries & Kenison,* for respondents.

MUNSON, J.—Valley Quality Homes, Inc. (VQH) was granted discretionary review of the Superior Court's denial of its summary judgment motion seeking rescission of a real estate contract. VQH, a purchaser, asserts the sellers did not file a final plat of the property as required by RCW 58.17 or Title 17 of the Moses Lake Municipal Code (MLMC). We affirm.

On October 8, 1985, VQH through its president, Arthur Berger, submitted an offer to purchase land in the city of Moses Lake for the purpose of constructing and operating a retail mobile home business. Through Robert Crosthwaite, a listing agent for Leon Bodie and the other sellers, the offer provided that the sellers were to provide "a survey and legal description" since the property consisted of two existing parcels and portions of two others.

Mr. Crosthwaite did not know whether platting was required and there was no discussion by the parties as to platting requirements, so he went to the City to find out. He was informed by the City on November 1 that a plat would be required before any building permits could be issued. Because the parcel consisted of more than 4 acres, it was determined that a "major subdivision" would be required by the City pursuant to MLMC 17.17. He was also informed the City would require the extension of a sewer

line across the property and installation of a fire hydrant prior to plat approval. He hired Boundary Engineering to prepare a description and preliminary plat pursuant to the requirements of the MLMC.[1] On November 22, Boundary Engineering filed a preliminary plat. The sale was finalized on December 16 after execution of a real estate contract; it made no mention of platting.

On January 14, 1986, the preliminary plat was approved and a variance granted upon the parties executing and recording a covenant running with the land wherein the parties agreed to construct a sewer line and fire hydrant when required by the City.

A final plat was never filed. The sellers deny any responsibility for Boundary Engineering's fees, the costs of construction of a sewer line, and installment of a fire hydrant. VQH filed this action to rescind the contract asserting the sellers did not comply with RCW 58.17 and MLMC 17. VQH's motion for summary judgment was denied.

The first issue is whether the court erred in denying VQH's motion for summary judgment. Summary judgment is proper only when there is no genuine issue of material fact and the party is entitled to relief as a matter of law. CR 56; *Seven Gables Corp. v. MGM/UA Entertainment Co.*, 106 Wn.2d 1, 721 P.2d 1 (1986). A fact is "material" if it is one upon which the outcome of the litigation depends. *Jacobsen v. State*, 89 Wn.2d 104, 569 P.2d 1152 (1977). On summary judgments, an appellate court is required to give a de novo review and engage in the same inquiry as the trial court.

---

[1] RCW 58.17.020(4) defines "preliminary plat" as "a neat and approximate drawing of a proposed subdivision showing the general layout of streets and alleys, lots, blocks, and other elements of a subdivision consistent with the requirements of this chapter. The preliminary plat shall be the basis for the approval or disapproval of the general layout of a subdivision."

RCW 58.17.020(5) defines "final plat" as "the final drawing of the subdivision and dedication prepared for filing for record with the county auditor and containing all elements and requirements set forth in this chapter and in local regulations adopted under this chapter."

RCW 58.17.020(1) defines a "subdivision" as the dividing of land into five or more parcels. The dividing of land into less than five parcels is called a "short subdivision." RCW 58.17.020(6). The City of Moses Lake pursuant to legislative authority (RCW 58.17.060) enacted local ordinances establishing "major" and "short" subdivisions.[2] The only major difference between the statute and the ordinances is that the City places acreage requirements on each type of division.[3]

The trial court in its memorandum decision made it clear the parcel in question constituted a "major" subdivision for purposes of RCW 58.17 since it consists of only one parcel (RCW 58.17.020(6)) and was over 4 acres in area. MLMC 17.09.180.

VQH asserts this major subdivision is for state purposes a "subdivision" and subject to final platting before sale as required by RCW 58.17.200.[4] VQH relies on RCW 58.17-.040(2) which states:

---

[2]MLMC 17.09.280 defines a "short subdivision" as:

"Short subdivision means the division or redivision of land into nine (9) or fewer lots, tracts, parcels, sites, or divisions for the purpose of sale, lease, or transfer of ownership not exceeding four (4) acres in total area."

MLMC 17.09.180 defines a "major subdivision" as:

"Major subdivision means the division or redivision of land into ten (10) or more lots, tracts, parcels, sites, or divisions and/or the division or redivision of land into lots, tracts, parcels, sites, or divisions exceeding four acres in total land area for the purpose of sale, lease, or transfer of ownership."

[3]We note the City has exercised its option to increase the number to nine parcels. RCW 58.17.020(6). Respondent Bodie's statement on page 10 of his brief that "the 'major subdivision' ordinance . . . was not enacted pursuant to RCW 58.17 and therefore compliance . . . is not mandated by RCW 58.17" is not well taken. In its statement of purpose, MLMC 17.17.010 states in part: "and to substantially comply with the provisions of RCW Chapter 58.17."

[4]RCW 58.17.200 provides: "Injunctive action to restrain subdivision, sale, transfer of land where final plat not filed. Whenever any parcel of land is divided into five or more lots, tracts, or parcels of land and any person, firm or corporation or any agent of any of them sells or transfers, or offers or advertises for sale or transfer, any such lot, tract, or parcel without having a final plat of such subdivision filed for record, the prosecuting attorney shall commence an action to restrain and enjoin further subdivisions or sales, or transfers, or offers of sale or

Divisions of land into lots or tracts each of which is one–one hundred twenty–eighth of a section of land or larger, or five acres or larger if the land is not capable of description as a fraction of a section of land, *unless the governing authority of the city, town, or county in which the land is situated shall have adopted a subdivision ordinance requiring plat approval of such divisions: Provided,* That for purposes of computing the size of any lot under this item which borders on a street or road, the lot size shall be expanded to include that area which would be bounded by the center line of the road or street and the side lot lines of the lot running perpendicular to such center line;

(Italics ours.) Final plat approval prior to sale is not required under RCW 58.17.200 since it is applicable only when "land is divided into five or more lots, tracts, or parcels . . ." Here, there is only one parcel and thus not a subdivision. The statute is applicable to "subdivisions" and not to "short subdivisions." As the trial court correctly stated in its memorandum decision:

When chapter 58.17 *does* apply, a final plat of any "subdivision" must be filed before any sale of lots (58.17-.200). This restriction does *not* apply to short subdivisions. This is so because the terms of 58.17.200 are exclusively *subdivision* terms, and not *short* subdivision terms. The first line of that section limits its application to divisions into five or more lots, i.e., "subdivisions." The term "final plat" is defined in reference only to subdivisions (58.17.020(5)) as distinguished from "short plat" (58.17.020(8)), which refers to short subdivisions.

In short, ch. 58.17 RCW embodies a concept of comprehensive minimum requirements for divisions of land into five (or, at local option, ten) or more lots, and leaves the detailed regulation of divisions into four (or, at local option, nine) or fewer lots to local regulation. There is nothing I have been able to identify in the statute which requires final approval of a short plat before the sale of lots. RCW 58.17.030 clarifies that, if such a requirement

transfer and compel compliance with all provisions of this chapter. The costs of such action shall be taxed against the person, firm, corporation or agent selling or transferring the property."

exists, it must be found in the local subdivision ordinance.

■ This sale does not constitute a "subdivision" and is not governed by final platting requirements. Moses Lake has adopted ordinances governing short subdivisions pursuant to RCW 58.17.040(2). A review of the ordinances governing "major" subdivisions (MLMC 17.17) reveals no requirement that final platting is required prior to sale.[5] There is no error.

Next, VQH asserts that rescission is the proper remedy. RCW 58.17.210 provides for rescission when the mandates of RCW 58.17 are violated. *See generally Busch v. Nervik,* 38 Wn. App. 541, 687 P.2d 872 (1984). Having concluded that RCW 58.17 is not applicable, rescission is improper here.

VQH's request for attorney fees is denied. The order denying summary judgment is affirmed. The case is remanded for trial on other issues not raised in this appeal.

THOMPSON, C.J., and STAUFFACHER, J. Pro Tem., concur.

Review denied by Supreme Court February 28, 1989.

---

[5]We note that MLMC 17.13 and 17.17 both require the filing of a final plat and RCW 58.17.060 also requires the filing of a short plat. However, nothing in these legislative acts requires platting before sale. MLMC 16.12.020 prohibits the issuance of building permits until all plats are filed.