**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION  II**

| | |
|---|---|
| JOHN WALKER and JENNIFER WALKER, husband and wife, | No.  49586-4-II |
| Respondents, | |
| v. | |
| JAMES CIACIUCH and KIMBERLY CIACIUCH, husband and wife, and OLYMPIC PENINSULA DEVELOPMENT CO., LLC, a Washington State Limited Liability Company, | UNPUBLISHED OPINION |
| Appellants. | |

JOHANSON, J.  —  John and Jennifer Walker sued James and Kimberly Ciaciuch and Olympic Peninsula Development Co. LLC (collectively "Olympic") for breach of a loan agreement.  The Walkers then moved for summary judgment on their claim, which the superior court granted.  Olympic appeals and argues that the superior court erred because Olympic established a genuine issue of material fact related to the amount of the debt.  We disagree and affirm the superior court's summary judgment order.

FACTS

I. THE WALKERS' COMPLAINT AND SUMMARY JUDGMENT MOTION

In 2015, the Walkers sued Olympic for damages arising out of a breach of a loan agreement between the parties. The Walkers alleged that Olympic had failed to repay an amount owed to the Walkers under a promissory note (the "loan agreement") and totaling approximately $110,000.

In 2016, the Walkers moved for summary judgment and submitted John's[1] declaration, the loan agreement, and a deed of trust. The Walkers requested judgment for $110,059.55 plus costs and postjudgment interest: the $125,000 owed under the original loan agreement less approximately $15,000 already received.

In his declaration, John explained that the Walkers had agreed to loan the Ciaciuches money. In 2011, the Walkers and Ciaciuches drafted a loan agreement in which the Walkers agreed to loan the Ciaciuches approximately $75,000 and the Ciaciuches agreed to repay a total of approximately $125,000. Repayment was conditioned on the first of either the sale of commercial property on Fey Road or the Ciaciuches' receipt of settlement funds.

In 2012, the parties secured the loan agreement with a deed of trust that included another parcel of the Fey Road property. The deed of trust stated that this parcel had mistakenly not been included in the loan agreement.

John later learned that the commercial Fey Road property, referenced in the loan agreement, was in foreclosure. Further, the Ciaciuches "resolved" the litigation referenced in the loan agreement without offering to repay the Walkers. However, James reassured John that James

---

[1] We refer to John Walker and James Ciaciuch by their first names for clarity.

would sell the remaining parcel of the Fey Road property, which James claimed to own outright.

But again, this property was foreclosed upon, with John receiving only $14,939.45 from the sale.

## II.  SUMMARY JUDGMENT RESPONSE, HEARING, AND ORDER

Olympic responded to the Walkers' summary judgment motion by filing a "motion . . . and response."  Clerk's Papers (CP) at 54 (capitalization and bolding omitted).  They relied on James's declaration.[2]  James stated that John had agreed to forgive any balance owed over $80,000.  In 2014, John had provided James with "a written document backing up [their] verbal agreement of [John] accepting $80,000 as payment in full, thus lowering [their] loan agreement amount."  CP at 57.  The purported 2014 settlement agreement was not attached to James's declaration.

At the summary judgment hearing, Olympic also called the superior court's attention to the purported 2014 settlement agreement signed by the Walkers and referenced in James's declaration.[3]  The settlement agreement stated,

> This letter is to confirm that John and Jennifer Walker have agreed [to] settle for a reduced amount of eighty thousand dollars ($80,000.00) to settle [sic] the note due from James and Kim Ciaciuch dated April of 2011[,] which was originally for one hundred and twenty-five thousand ($125,000.)
> Funds from the sale of the Faye road property (which is currently in escrow) are to be used to resolve the outstanding note/debt by July 1, 2014.

CP at 80.

---

[2] The superior court struck much of James's declaration in its oral ruling.  The facts set forth in part II, *infra*, rely upon the portions of James's declaration that the superior court considered, by the parties' stipulation.  The parties stipulated that the superior court considered only paragraphs four to eight on page two and paragraphs one to three on page three of James's declaration.  The parties made this stipulation pursuant to RAP 9.12 because the summary judgment order did not specify the documents on which the superior court relied.

[3] The superior court expressly stated that it would consider this settlement agreement, which had been attached to Olympic's answer to the complaint, in deciding the summary judgment motion.

After the hearing, the superior court determined "that there exists no genuine issue of any material fact bearing on the issues of [Olympic's] liability upon [the] loan agreement or the amount of damages." CP at 42. Accordingly, the superior court granted the Walkers' summary judgment motion and awarded the Walkers judgment for $118,547.22. This amount represented the $125,000 amount owed on the loan agreement minus the approximately $15,000 received from the remaining Fey Road property's sale, plus $8,487.67 in costs.

ANALYSIS

Olympic argues that the superior court should not have granted the Walkers' summary judgment motion because Olympic showed a genuine issue of material fact—that the amount of Olympic's debt had been reduced by the parties. The Walkers respond that the superior court correctly determined there were no genuine, material factual disputes and accordingly granted summary judgment in their favor. We agree with the Walkers.

We review summary judgment de novo. *Ranger Ins. Co. v. Pierce County*, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). To prevail, the moving party must show that when the facts are viewed in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Ranger Ins.*, 164 Wn.2d at 552. The nonmoving party may defeat summary judgment if it sets forth specific facts to rebut the moving party's contentions and show that a genuine issue of material fact exists. *Ranger Ins.*, 164 Wn.2d at 552. A "material" fact is one upon which the litigation's outcome depends. *Jacobsen v. State*, 89 Wn.2d 104, 108, 569 P.2d 1152 (1977).

"It is axiomatic that a modification to an existing contract must be supported by consideration independent from that which was given in order to form the original contract."

*Lokan & Assocs., Inc. v. Am. Beef Processing, LLC*, 177 Wn. App. 490, 496, 311 P.2d 1285 (2013). A court may determine whether a contract is supported by consideration on summary judgment as a question of law. *Lokan*, 177 Wn. App. at 496.

When the Walkers moved for summary judgment, they set forth that in 2011, they had loaned the Ciaciuches approximately $75,000 and that the Ciaciuches had agreed to repay the loan amount plus $50,000, totaling approximately $125,000. The loan agreement stated that the Ciaciuches were to repay the Walkers upon the first of either the commercial Fey Road property's sale or the settlement of the Ciaciuches' legal disputes. But the Ciaciuches failed to do so. The Walkers contended that the amount owed was $110,059.55, plus costs and postjudgment interest: the $125,000 owed under the loan agreement less the approximately $15,000 that the Walkers received when the remaining Fey Road parcel was sold.

The burden then shifted to Olympic to articulate specific facts rebutting the Walkers' contentions and showing that a genuine issue of material fact existed. *See Ranger Ins.*, 164 Wn.2d at 552. Olympic attempted to do this by relying on James's declaration that in 2014, John had forgiven any balance owed over $80,000, lowering the amount of the loan agreement. Olympic also called the superior court's attention to the purported 2014 settlement agreement between the parties.

But Olympic had to meet their burden by showing not just a factual dispute, but an issue of *material* fact. *See Ranger Ins.*, 164 Wn.2d at 552. Consistent with the well-settled rule that there must be independent consideration to support a contract modification, Olympic had to provide at least facts to support a reasonable inference that there was independent consideration to support the settlement agreement. *See Lokan*, 177 Wn. App. at 496. James's declaration and the

settlement agreement, however, stated that John agreed to forgive only the balance over $80,000, that the settlement was secured by John's deed on the remaining Fey Road parcel, and that the outstanding debt had to be resolved by July 2014. Notably, James's declaration also stated that John already had a deed of trust on the remaining Fey Road parcel. Neither these facts nor a reasonable inference from them shows how the Walkers received anything of value in return for forgiving a portion of the debt. Further, the settlement agreement expired by its own terms on July 2014, before the Walkers brought suit. Accordingly, Olympic failed to show how the settlement agreement would have any effect on the outcome of the litigation, such that it was a "material" fact. *See Jacobsen*, 89 Wn.2d at 108.

Because Olympic, the nonmoving party, failed to meet their burden to show the existence of a genuine issue of material fact after the Walkers moved for summary judgment, the superior court properly granted the Walkers' summary judgment motion. We affirm.

APPELLATE ATTORNEY FEES

The Walkers assert that Olympic's appeal is frivolous and accordingly that the Walkers are entitled to appellate attorney fees under "RCW 4.84.185" and RAP 18.1. Br. of Resp't at 5. We agree that the appeal is frivolous and award the Walkers their appellate attorney fees.

RCW 4.84.185 authorizes the trial court to award attorney fees if it finds that a civil action was frivolous, but the statute does not authorize an award of fees on appeal. *Hanna v. Margitan*, 193 Wn. App. 596, 614, 373 P.3d 300 (2016). RCW 4.84.185 requires written findings that the

action was frivolous and advanced without reasonable cause, made upon motion by the prevailing party within 30 days of a summary judgment order or other final order. The procedure under RCW 4.84.185 was not done in this case, so that no fees can be awarded under this statute. And RCW 4.84.185 does not authorize the fee award under RAP 18.1. *See Hanna*, 193 Wn. App. at 614.

"Attorney fees for a frivolous *appeal* are available only under RAP 18.9(a)."[4] *Hanna*, 193 Wn. App. at 614 (emphasis added). "'An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ and that it is so devoid of merit that there is no possibility of reversal.'" *Kinney v. Cook*, 150 Wn. App. 187, 195, 208 P.3d 1 (2009) (quoting *Lutz Tile, Inc. v. Krech*, 136 Wn. App. 899, 906, 151 P.3d 219 (2007)).

Olympic's appeal is premised on there being material issues of fact, but they provide no argument about why the settlement agreement was a material fact. They fail to cite to any authority about the effect of the agreement or explain why it did not expire. Instead, they simply restate the facts about the settlement agreement and claim that there were "genuine issues of material fact." Br. of Appellant at 5. As such, their appeal presents no debatable issues upon which reasonable minds could differ and is so devoid of merit that there is no possibility of reversal. We accordingly grant the Walkers their appellate attorney fees under RAP 18.9 and 18.1.

---

[4] The Walkers bring their request under RCW 4.84.185 and RAP 18.1 but not RAP 18.9(a). Despite their failure to bring the request under RAP 18.9, we interpret the Walkers' request as one brought under RAP 18.9(a) and 18.1 because they argue that the appeal is frivolous.

No. 49586-4-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

BJORGEN, C.J.

SUTTON, J.