**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., as subrogee of Lavonne Jaff and Joseph Scott,<br><br>Respondent,<br><br>v.<br><br>WOOD STOVES ETC., INC. d/b/a RICH'S FOR THE HOME,<br><br>Appellant. | No. 83528-9-I<br><br>DIVISION ONE<br><br>PUBLISHED OPINION |

HAZELRIGG, J. — Wood Stoves Etc. Inc. d/b/a Rich's for the Home (Wood Stoves) appeals a summary judgment order against it under the Washington Product Liability Act (WPLA).[1] Because American Family Mutual Insurance S.I. (AmFam) failed to present evidence to establish a basis for suing a product seller, in lieu of the manufacturer, under WPLA, we reverse and remand for further proceedings.

---

[1] Ch. 7.72 RCW.

Citations and pin cites are based on the Westlaw online version of the cited material.

No. 83528-9-I/2

FACTS

In 2019, Lavonne Jaff and Joseph Scott purchased a Ravelli Group (Ravelli) brand wood pellet stove from Wood Stoves. As part of the purchase, Wood Stoves coordinated and scheduled installation of the stove through a third party, Advanced Installation.[2] Two days after purchasing the stove, it caught fire, but Scott was able to extinguish it. Later that same evening, the stove reignited and Scott called the Monroe Fire Department to fully extinguish the fire. Jaff and Scott had a homeowner's insurance policy through AmFam, which paid $115,355.88 for damage to the home. AmFam then filed a lawsuit against Wood Stoves under WPLA, to recover damages. In October, 2021, AmFam moved for summary judgment, which was granted. Wood Stoves timely appealed.

ANALYSIS

I.      Statutory Elements under WPLA

In 1981, the Washington legislature codified products liability law with the passage of WPLA. WPLA provides "'the exclusive remedy for product liability claims'" as it preempts common law liability. 16A DAVID K. DEWOLF & KELLER W. ALLEN, WASHINGTON PRACTICE: TORT LAW AND PRACTICE § 17:1 (5th ed. 2021) (quoting Macias v. Saberhagen Holdings, Inc., 175 Wn.2d 402, 409, 282 P.3d 1069, 1073 (2012)). The preamble to WPLA notes that "[t]he purpose of this amendatory act is to enact further reforms in the tort law to create a fairer and more equitable distribution of liability among parties at fault." Ch. 7.72 RCW,

---

[2] Advanced Installation is not a party to this suit.

No. 83528-9-I/3

Preamble – 1981 c. 27 § 1. "It is the intent of the legislature to treat the consuming public, the product seller, the product manufacturer, and the product liability insurer in a balanced fashion." Id. To further this goal, the legislature limits liability for a product seller. See RCW 7.72.040. A product seller may be held liable only if one of the express conditions are met, such as where "[n]o solvent manufacturer who would be liable to the claimant is subject to service of process under the claimant's domicile or the state of Washington," or if "[t]he court determines that it is highly probable that the claimant would be unable to enforce a judgment against any manufacturer." RCW 7.72.040(2)(a), (b). This narrowed liability reflects the legislature's goal of "avoid[ing] the imposition of liability on nonmanufacturer sellers of products (retailers) based solely on their participation in the chain of distribution." 16A David K. DeWolf & Keller W. Allen, Washington Practice: Tort Law and Practice § 17:1 (5th ed. 2021).

AmFam asserts that the relevant requirements of RCW 7.72.040(2)(a) and (b) function as affirmative defenses where the product seller must prove the manufacturer should be held liable in its place. This is not supported by the plain language of the statutory scheme. RCW 7.72.040(2) is clear that a product seller only has "the liability of a manufacturer to the claimant if" one of four elements are met. AmFam's argument fails in light of the legislature's statement that "[i]t is further the intent of the legislature that retail businesses located primarily in the state of Washington be protected from the substantially increasing product liability insurance costs and unwarranted exposure to product liability litigation." Ch. 7.72 RCW, Preamble – 1981 c. 27 § 1. We avoid construing statutory

-3-

No. 83528-9-I/4

language in a way that produces an absurd result. Tingey v. Haisch, 159 Wn.2d 652, 663–64, 152 P.3d 1020 (2007). AmFam's proposed interpretation would produce an absurd result, as language narrowing product seller liability to a handful of conditions would require a seller to disprove those conditions, rather than requiring a claimant to prove them. Finally, despite its contrary arguments on appeal, AmFam's complaint seemed to treat these as elements as it pled that "[t]he fire originated from a wood pellet stove manufactured in a foreign country by an entity with no known presence in the United States."

Based on the plain language of the statute and the legislature's expressions of intent, we hold the requirements of RCW 7.72.040(2) are statutory elements that the claimant must prove, rather than an affirmative defense.

Our analysis of each party's burden is also impacted by the procedural posture in this case. Here, AmFam moved for summary judgment and, as the moving party, bore the initial burden "to prove by uncontroverted facts that there is no genuine issue of material fact." Jacobsen v. State, 89 Wn.2d 104, 108, 569 P.2d 1152 (1977). Both parties, moving and nonmoving, "must furnish the factual evidence on which [they] rel[y]." Id. at 108. "An issue of material fact is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). If the moving party fails to meet this burden, "summary judgment should not be entered, irrespective of whether the nonmoving party has submitted affidavits or other materials." Jacobsen, 89 Wn.2d at 108. As the claimant moving for summary judgment, AmFam was required to demonstrate that there

were no genuine issues of material facts as to each element of its claim. The burden would then shift to Wood Stoves to raise a genuine issue of material fact and, if it could not do so, only then would AmFam be entitled to judgment as a matter of law.

II.      Application

To meet the statutory elements, AmFam was required to demonstrate that either Ravelli was not subject to service of process under the laws of Washington, or that it was highly probable it could not enforce a judgment against Ravelli.   For both arguments, AmFam provided only conclusory statements in its motion for summary judgment.   In its motion, counsel for AmFam declared that he "performed a search on the Washington Secretary of State website on September 14, 2021 for Ravelli Group and did not find any matching registered businesses."  AmFam contended, in the argument section of its motion that "the manufacturer, Ravelli, is located in Italy and has no business offices, corporate presence, or registered agent Washington."   This contention was not supported by a citation to any piece of evidence, such as a declaration. In AmFam's reply in support of its motion for summary judgment, it further argued that "Ravelli is a foreign manufacturer that distributes its products through an independent nationwide distribution system.   Here, we have no evidence that there are multiple Ravelli stoves that have caused injury in Washington."   These assertions also lack any citation to evidence in the record.  While AmFam claims in its briefing before this court that "[t]here is no evidence showing that there is

No. 83528-9-I/6

more than one Ravelli stove in Washington," it misunderstands its burden as the plaintiff and as the moving party. To be entitled to judgment as a matter of law, it needed to demonstrate that Ravelli would not be subject to service of process under the laws of Washington. AmFam, for the first time, raised the issue of long-arm jurisdiction in its reply in support of its motion for summary judgment, too late to be properly considered. See Molloy v. City of Bellevue, 71 Wn. App. 382, 385, 859 P.2d 613 (1993) ("A party moving for summary judgment must raise, in its opening memorandum, all the issues on which it believes it is entitled to summary judgment.") (emphasis added).

Regardless, the statute, by its plain language, does not address long-arm jurisdiction, but service of process. A product seller will only "have the liability of a manufacturer" if "[n]o solvent manufacturer who would be liable to the claimant is subject to service of process under the laws of the claimant's domicile or the state of Washington." RCW 7.72.040(2)(a). Personal jurisdiction, instead, goes to subsection (b), which allows a product seller to be held liable if "[t]he court determines that it is highly probable that the claimant would be unable to enforce a judgment against any manufacturer." RCW 7.72.040(2)(b). In response to the motion for summary judgment, Wood Stoves argued Ravelli may be served under Section 14 of the Hague Convention, which covers service abroad of judicial documents in civil matters. This was sufficient to raise a genuine issue of material fact as to whether Ravelli would be subject to service of process under the laws of Washington, which AmFam failed to rebut in its reply. Summary judgment was therefore improper.

-6-

No. 83528-9-I/7

As to its argument under RCW 7.72.040(2)(b), AmFam was required to demonstrate "that it is highly probable that the claimant would be unable to enforce a judgment against any manufacturer," for Wood Stoves to be held liable. Again, AmFam relies on bare conclusory assertions in an attempt to meet its burden. In its motion for summary judgment, AmFam simply reiterates that "Ravelli is located in Italy and has no business offices, corporate presence, or registered agent in Washington" without providing citations to any evidence. At oral argument, AmFam heavily leans on the "difficulty" of suing an Italian manufacturer and successfully obtaining a judgment. However, the standard under the statute is not whether it is "difficult," but rather that it is "highly probable that the claimant would be unable to enforce a judgment," and we decline to interpret the statutory language in such a manner. AmFam must do more than make conclusory statements about the difficulty of suing the manufacturer, Ravelli, in order to obtain judgment against the retailer, Wood Stoves, under WPLA. Although, in its reply, AmFam attempted to discredit the evidence Wood Stoves raised in response, Wood Stoves had no evidentiary burden here; AmFam carries the burden to demonstrate there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. To reduce AmFam's burden is contrary to the legislative intent of WPLA and our long-standing summary judgment standards.

No. 83528-9-I/8

We reverse the trial court's order of summary judgment and remand for further proceedings consistent with this opinion.[3]

WE CONCUR:

---

[3] Because we reverse and remand for further proceedings, we need not reach Wood Stoves' final assignment of error as to the causation element.