**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| FLEX FUNDING GROUP, LLC, a Washington limited liability company,<br><br>     Respondent,<br><br>  v.<br><br>NATHANIEL MAZAL, individually and on behalf of the marital community, if any,<br><br>     Appellant. | No. 84806-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

FELDMAN, J. — Nathaniel Mazal appeals from the trial court's entry of judgment against him and in favor of Flex Funding Group, LLC (FFG) and award of attorney fees and costs to FFG, both of which stem from the trial court's order granting FFG's motion for summary judgment on its breach of contract claim against Mazal. We affirm.

Preliminarily, Mazal has not complied with RAP 10.3. Although Mazal is proceeding pro se, he must comply with all procedural rules on appeal. *In re Estate of Little*, 9 Wn. App. 2d 262, 274 n.4, 444 P.3d 23 (2019). Our appellate rules require appellants to provide a concise statement of each alleged error by the trial court, a fair statement of the relevant facts and procedure supported by references to the record, and an argument in support of the issues presented for review together with citations to legal authority and the record. RAP 10.3(4), (5), (6). Virtually all of Mazal's contentions are

conclusory, incomprehensible, and unsupported by citation to the record or authority. Additionally, many of Mazal's claims are raised for the first time on appeal in violation of RAP 2.5(a) and, to the extent they present constitutional issues, are not adequately briefed to warrant consideration. *See Icicle/Bunk, LLC v. Chelan County*, ___ Wn. App. 2d ___, 537 P.3d 321, 327 (2023). To enforce these requirements, "this court does not review issues not argued, briefed, or supported with citation to authority." *Christian v. Tohmeh*, 191 Wn. App. 709, 727-28, 366 P.3d 16 (2015). On this basis alone, we may properly refuse to consider Mazal's arguments.

Nevertheless, having carefully reviewed each alleged error in the context of the case, the record, and the arguments as a whole, we find no reversible error. Mazal's principal argument appears to be that the trial court erred in granting summary judgment because genuine issues of material fact exist. The party moving for summary judgment "bears the initial burden 'to prove by uncontroverted facts that there is no genuine issue of material fact.'" *Welch v. Brand Insulations, Inc.*, 27 Wn. App. 2d 110, 114, 531 P.3d 265 (2023) (quoting *Jacobsen v. State*, 89 Wn.2d 104, 108, 569 P.2d 1152 (1977)). If the moving party satisfies its burden, then the non-moving party "may not rest upon the mere allegations or denials of a pleading, but . . . by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial," CR 56(e). The moving party is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." CR 56(c). We review a trial court's summary

judgment order and its evidentiary rulings made in conjunction therewith de novo. *Watness v. City of Seattle*, 16 Wn. App. 2d 297, 305, 481 P.3d 570 (2021).

Here, FFG plainly satisfied its burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. The evidence FFG submitted with its summary judgment motion established the following facts: (1) Mazal, as the sole owner of ZEL, LLC (ZEL), signed a promissory note on ZEL's behalf for a commercial loan from FFG; (2) the note was secured by both a deed of trust on real property and a personal guaranty executed by Mazal, in which he personally guaranteed ZEL's obligations under the note; (3) after ZEL defaulted on the note, FFG nonjudicially foreclosed on the real property and received $1,250,001.00 in net proceeds from its sale at auction, which left a principal deficiency balance of $163,789.02; and (4) to collect on the deficiency, FFG initiated this breach of contract action against Mazal as the guarantor of the debt. FFG also cited ample legal authority establishing that a guarantor is liable for a deficiency judgment arising from a foreclosure sale following a borrower's breach on a commercial loan. *Wash. Fed. Sav. & Loan Ass'n v. McNaughton*, 181 Wn. App. 281, 296-97, 325 P.3d 383 (2014)).

In response to FFG's evidence and argument, Mazal failed to "set forth specific facts showing that there is a genuine issue for trial" as required by CR 56(e). Mazal did not cite to or produce any admissible evidence (such as affidavits made upon personal knowledge or sworn or certified copies of documents attached thereto) disputing FFG's contentions that ZEL defaulted on its loan, that Mazal personally guaranteed the loan, that Mazal was liable for the deficiency as the guarantor, or that the amount of the deficiency was accurate. Rather, Mazal alleged that the real property was sold for less

than its fair value at auction. Although a trial court may conduct a hearing to determine whether a property was sold at auction for its fair value, Mazal did not request such a hearing or present admissible evidence as to the property's fair value as required by RCW 61.24.100(5). *See McNaughton*, 181 Wn. App. at 298. Mazal also repeated various arguments relating to his counterclaim against FFG and its owner, Joseph Notarangelo, that the trial court had already dismissed in a prior summary judgment ruling.[1] On this record, the trial court did not err in granting FFG's motion for summary judgment.

Mazal also argues that by granting FFG's motion for summary judgment and adjudicating its breach of contract claim as a matter of law, the trial court violated his right to a jury trial. This argument fails because Washington courts have long recognized that "[t]he purpose of summary judgment procedure is to avoid an unnecessary trial when there is no genuine issue of material fact." *Jacobsen*, 89 Wn.2d at 108. "'When there is no genuine issue of material fact, . . . summary judgment proceedings do not infringe upon a litigant's constitutional right to a jury trial.'" *Davis v. Cox*, 183 Wn.2d 269, 289, 351 P.3d 862 (2015), *abrogated on other grounds by Maytown Sand & Gravel, LLC v. Thurston County*, 191 Wn.2d 392, 423 P.3d 223 (2018) (quoting *LaMon v. Butler*, 112 Wn.2d 193, 200 n.5, 770 P.2d 1027 (1989)). Because the trial court properly granted FFG's summary judgment motion, its ruling did not violate Mazal's trial rights.

Next, Mazal contends that the trial court was biased against him. To prevail on

---

[1] Because Mazal has not appealed from or assigned error to the trial court's earlier summary judgment ruling dismissing his counterclaim, we decline to consider whether this earlier ruling was erroneous. *See Christian*, 191 Wn. App. at 727-28.

this argument, Mazal must support his claim with evidence of actual or potential bias. *In re Guardianship of Wells*, 150 Wn. App. 491, 503, 208 P.3d 1126 (2009). Mazal fails to provide any citations to the record showing that the trial court did not act with impartiality. Instead, Mazal dedicates much of his brief to expounding his baseless belief that the trial court judge, opposing counsel, and FFG are "a network of crooks [that] conspired against" him because they are "pals of the same Jewish creed," and that the trial court ordered court staff to alter the record to cover up the conspiracy. Mazal's attacks on the trial court, opposing counsel, and the judicial system are without merit, inappropriate, and deserving of condemnation.

Finally, FFG requests that we award it attorney fees on appeal pursuant to RAP 18.1 and the attorney fee provision in the personal guaranty.[2] If attorney fees are allowable below, the prevailing party may recover those fees on appeal. *Aiken v. Aiken*, 187 Wn.2d 491, 506, 387 P.3d 680 (2017) (citing RAP 18.1). Because the trial court correctly awarded fees in favor of FFG and FFG is the prevailing party on appeal, we similarly grant FFG's request subject to compliance with RAP 18.1.

Affirmed.

Feldman, J.

WE CONCUR:

Birk, J.

Dwyer, J.

---

[2] This provision states, "In the event of any dispute or litigation regarding the enforcement or validity of this Guaranty, the non-prevailing party shall be obligated to pay all charges, costs and expenses (including, without limitation, reasonable attorneys' fees) incurred by the prevailing party, whether or not any action or proceeding is commenced regarding such dispute and whether or not such litigation is prosecuted to judgment."